■ E. A. GRANCHELLI et al., Appellants, v TRAVELERS INSURANCE COMPANY, Respondent.—Order and judgment unanimously reversed on the law without costs and motion denied. Memorandum: In February 1985, plaintiff sustained water damage to his real property resulting in a loss of approximately $116,000, and commenced this action when defendant insurer denied coverage on the ground that plaintiff's loss was not a direct loss within the meaning of its policy. According to plaintiff, a windstorm blew open a roof door, and subzero air entered the building, causing a pipe to freeze and thereafter to burst, resulting in the water damage. The policy at issue insured against direct loss "by * * * (2) [w]indstorm or hail [and] (3) [e]xplosion, excluding loss * * * (b) by rupture or bursting of * * * (ii) water pipes". In granting defendant's motion for summary judgment, the court found that, while the windstorm was a link in the chain of events leading up to the loss, it was too remote to be deemed the direct cause of the loss. We disagree.

Direct loss is equivalent to proximate cause *(see,* 18 Couch, Insurance 2d § 74:712, at 1022; Annot, *What Constitutes "Direct Loss" Under Windstorm Insurance Coverage,* 65 ALR3d 1128), and we find that the burst water pipe could have been proximately caused by the windstorm *(see, Lipshultz v General Ins. Co.,* 256 Minn 7, 96 NW2d 880; *see also, Federal Ins. Co. v Bock,* 382 SW2d 305 [Tex]; *Fred Meyer, Inc. v Central Mut. Ins. Co.,* 235 F Supp 540 [D Ore]). Furthermore, the policy exclusion of loss by the bursting of water pipes applies only to explosions *(see, Lipshultz v General Ins. Co., supra; cf., Williams v Liberty Mut. Life Ins. Co.,* 334 Mass 499, 135 NE2d 910; *Abady v Hanover Fire Ins. Co.,* 266 F2d 362).

(Appeal from order and judgment of Supreme Court, Niagara County, Fallon, J.—summary judgment.) Present—Denman, J. P., Boomer, Pine, Balio and Lawton, JJ.