■■■ ROBERT A. NOWACKI et al., Appellants-Respondents, v UNITED SERVICES AUTOMOBILE ASSOCIATION PROPERTY AND CASUALTY INSURANCE COMPANY, Respondent-Appellant.—Order unanimously modified on the law and as modified affirmed without costs and judgment granted in accordance with the following Memorandum: Defendant insurer is entitled to summary judgment declaring that plaintiffs' loss is excluded from coverage under the policy and that defendant thus has no obligation to indemnify plaintiffs for the damage to their property, the cost of repairing such damage, or the expense of safeguarding the property from further damage. Plaintiffs erroneously contend that the "collapse" of their stairs and patio and the separation of their foundation wall was caused by "hidden decay" and hence reimbursable under the policy, but there is no question that the damage was precipitated by conditions and occurrences specifically excluded from coverage. The record shows that, as a result of the abnormally high lake level and damaging wave action during the winter of 1989-1990, the base of the cliff upon which plaintiffs' house is constructed eroded, causing the subsidence of the ground on the slope and the top of the embankment. That in turn directly caused the collapse of the stairs, the settling of the patio, and the weakening of the basement wall. Plaintiffs' damage thus comes within several policy exclusions, the most encompassing of which deny coverage for "earth movement", including "earth sinking" or "shifting", and for "water damage", including that from "surface water" and "waves". (Appeals from Order of Supreme Court, Erie County, Wolf, Jr., J. —Summary Judgment.) Present—Denman, P. J., Balio, Lawton, Fallon and Davis, JJ.