[628 NYS2d 988]

JOSEPH E. KULA et al., Appellants-Respondents, v STATE FARM FIRE AND CASUALTY COMPANY, Respondent-Appellant.

Fourth Department, June 9, 1995

## APPEARANCES OF COUNSEL

*Laurence D. Behr,* Buffalo, for appellants-respondents.

*Jaeckle, Fleischmann & Mugel,* Buffalo *(Mary Fitzgerald* of counsel), for respondent-appellant.

## OPINION OF THE COURT

CALLAHAN, J.

This appeal involves an interpretation of the "earth movement" exclusion in an insurance policy issued by defendant, State Farm Fire and Casualty Company (State Farm), to plaintiffs. Plaintiffs contend that the "earth movement" exclusion applies only to losses resulting from natural causes and does not apply to a situation where, as here, a broken water pipe caused the soil beneath plaintiffs' home to wash away. On the other hand, State Farm contends that the "earth movement" exclusion of its policy clearly and unambiguously excludes coverage for losses arising from earth movement, regardless of the cause, whether natural or human.

Plaintiffs own a home that was covered by a homeowners policy issued by State Farm. On February 15, 1991, plaintiff Joseph Kula discovered a crack in his basement floor, removed part of the floor, and found "a large, empty cavity where there should have been solid earth and stone" under the house. An underground water pipe carrying well water to plaintiffs' home had ruptured. Mr. Kula determined that "the flow of water [approximately 125 gallons of water per minute] must have washed out the dirt that was supporting one corner of the house" causing the "footer upon which the foundation rests" to "sink". State Farm inspected the premises and concluded that the saturated soil slid downhill, carrying a section of the house with it, causing the house to split apart. State Farm then sent plaintiffs a letter denying coverage based on the following exclusion clause in its policy:

"SECTION I—LOSSES NOT INSURED * * *

"2. We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. *We do not insure for such loss regardless of: (a) the cause of the excluded event;* or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss * * *

"b. Earth Movement, meaning the sinking, rising, shifting,

expanding or contracting of earth, all whether combined with water or not. Earth movement includes but is not limited to earthquake, landslide, mudflow, sinkhole, subsidence and erosion. Earth movement also includes volcanic explosion or lava flow, except as specifically provided in SECTION I, ADDITIONAL COVERAGES for Volcanic Action.

"We do insure for any direct loss by fire, explosion other than explosion of a volcano, theft, or breakage of glass or safety glazing materials resulting from earth movement" (emphasis added).

Plaintiffs commenced this action to recover for the damages to their home, alleging that the "sudden and accidental discharge and overflow of water" was covered in their homeowners policy. State Farm in its answer denied coverage based on the above "earth movement" exclusion. State Farm moved for summary judgment dismissing plaintiffs' action on the ground that the "earth movement" exclusion in its policy clearly and unambiguously excludes coverage for this loss. Plaintiffs opposed the motion and cross-moved for partial summary judgment declaring that defendant is obligated to pay plaintiffs' loss. Plaintiffs asserted that the "earth movement" exclusion did not apply because "the damage to their house was not caused by any natural or cataclysmic phenomenon as clearly contemplated by State Farm's 'earth movement' exclusion". Supreme Court denied both motions.

Each party contends that summary judgment should be granted in its favor, and that the court erred in denying summary judgment.

Plaintiffs contend that State Farm did not present sufficient evidence to substantiate its version of the facts, and that the affidavit of its attorney is insufficient because he had no personal knowledge of the facts. That affidavit concludes, based on State Farm's inspection of the damage, that the water pipe rupture caused the ground to become saturated, and then to "slide downgrade", and that the "sliding ground caused the foundation of the house to shift". The affidavit of Joseph Kula disputes that version of the facts, attesting that, when he looked under his basement floor, he found "a large, empty cavity where there should have been solid earth and stone" under the house, and that "the flow of water must have washed out the dirt that was supporting one corner of the house" causing the "footer upon which the foundation rests" to "sink". State Farm has accepted plaintiffs' version of the

facts for the purpose of the summary judgment motion. As such, the sole issue is a legal interpretation of the contract of insurance in light of the agreed facts.

It is the province of the courts to interpret written instruments *(Hartford Acc. & Indem. Co. v Wesolowski,* 33 NY2d 169, 172; *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285, 291). Where the language of a contract is clear and unambiguous, interpretation of that contract and construction of its provisions are questions of law *(Loblaw, Inc. v Employers' Liab. Assur. Corp.,* 57 NY2d 872, 876, *affg* 85 AD2d 880). The court must ascertain the intent of the parties from the plain meaning of the language employed, giving terms their plain, ordinary, popular and nontechnical meanings *(United States Fid. & Guar. Co. v Annunziata,* 67 NY2d 229, 232; *Benderson Dev. Co. v Schwab Bros. Trucking,* 64 AD2d 447, 456).

On the other hand, where a particular provision is susceptible to more than one reasonable interpretation, all ambiguities must be resolved in favor of the insured *(Breed v Insurance Co.,* 46 NY2d 351, 353). That is particularly true of exclusion clauses, which are always, as a matter of interpretation, strictly construed against the insurer *(see, Cone v Nationwide Mut. Fire Ins. Co.,* 75 NY2d 747, 749). State Farm bears the burden of establishing that its construction of the exclusionary clause is reasonable and that its interpretation is the only fair construction of the policy language at issue *(Venigalla v Penn Mut. Ins. Co.,* 130 AD2d 974, 975, *lv dismissed* 70 NY2d 747).

We recognize that "[a] court may neither make nor vary an insurance contract by extending coverage beyond the fair intent and meaning of the agreement, and the liability of the insurer cannot be enlarged by implication beyond the express terms of the contract" *(Moshiko, Inc. v Seiger & Smith,* 137 AD2d 170, 175, *affd* 72 NY2d 945).

Although no New York courts have interpreted the earth movement exclusion in this policy, several courts in other jurisdictions have reviewed it *(see, Alf v State Farm Fire & Cas. Co.,* 850 P2d 1272 [Utah Sup Ct]; *Village Inn Apts. v State Farm Fire & Cas. Co.,* 790 P2d 581 [Utah Ct App]; *Millar v State Farm Fire & Cas. Co.,* 167 Ariz 93, 804 P2d 822). The facts in those cases are similar to plaintiffs' situation. In *Millar,* the court stated that " '[t]his "lead-in" clause, apparently a relatively recent addition by State Farm in its policies,

clearly excludes from coverage any loss from earth movement, combined with water, regardless of cause. See, e.g., State Farm Fire & Cas. Co. v. Martin, 668 F.Supp. 1379, 1382 (C.D. Cal. 1987); affd, 872 F.2d 319 (9th Cir.1989)' " *(Millar v State Farm Fire & Cas. Co.,* 167 Ariz, *supra,* at 96, 804 P2d, *supra,* at 825).

Plaintiffs' principal argument is that the "earth movement" exclusion clause applies only to "natural" earth movements, and that earth movement caused by a ruptured water pipe is not "natural". That argument fails because the "lead-in" clause that precedes the "earth movement" exclusion clearly excludes coverage for any loss regardless of the cause. The "earth movement" exclusion clause itself states that "[e]arth movement includes but is not limited to earthquake, landslide, mudflow, sinkhole, subsidence and erosion" of earth. Thus, it includes a situation like the instant one where water saturates the earth, causing it to shift or sink.

Plaintiffs maintain that the rule of *ejusdem generis* (words must be read in context with those that surround them) requires that this Court conclude that the "earth movement" exclusion is not applicable "to naturally caused losses or, at least, is ambiguous in this respect and should therefore be construed in favor of coverage, for this accidental loss" *(see, Holy Angels Academy v Hartford Ins. Group,* 127 Misc 2d 1024). As we view it, applying the *ejusdem generis* rule to the specific language in this policy, we are obliged to determine that State Farm does "not insure for such loss regardless of: (a) the cause of the excluded event" *(see, Casey v General Acc. Ins. Co.,* 178 AD2d 1001, 1002).

Plaintiffs also argue that their loss did not occur as a result of either a "sinking, rising, shifting, expanding or contracting of earth" and that, therefore, the exclusion does not apply. That argument embraces the efficient proximate cause doctrine. The efficient proximate cause of a loss is the cause that originally sets other events in motion. That principle has been adopted in some jurisdictions *(see, Safeco Ins. Co. v Hirschmann,* 112 Wash 2d 621, 773 P2d 413; *Howell v State Farm Fire & Cas. Co.,* 218 Cal App 3d 1446, 267 Cal Rptr 708). In fact, California has statutorily adopted the efficient proximate cause doctrine *(see,* Cal Ins Code §§ 530, 532). New York has no such legislation that would circumvent the "lead-in" clause of the State Farm policy. Only the most direct and obvious cause should be looked to for purposes of the exclusionary clause *(see, Album Realty Corp. v American Home Assur. Co.,*

80 NY2d 1008, 1011; *Granchelli v Travelers Ins. Co.,* 167 AD2d 839). Furthermore, the principles of causation should not be strictly applied to circumvent the intent of the parties *(see,* 18 Couch, Insurance 2d § 74:696, at 1009 [1983 rev ed]).

Therefore, we conclude that there is no ambiguity in the language of this policy and that it specifically excludes coverage for damages resulting from earth movement even though the cause of the earth movement is a covered peril *(see, Weaver v Hanover Ins. Co.,* 206 AD2d 910; *Nowacki v United Servs. Auto. Assn. Prop. & Cas. Ins. Co.,* 186 AD2d 1038).

Accordingly, the loss sustained by plaintiffs is expressly excluded by the terms of the policy and State Farm's motion for summary judgment should be granted and the complaint dismissed.

PINE, J. P., LAWTON, WESLEY and BOEHM, JJ., concur.

Order unanimously modified, on the law, and, as modified, affirmed, without costs, in accordance with the opinion by CALLAHAN, J.