■ NORMAN KELLAR, Respondent, v MID-HUDSON CO-OPERATIVE INSURANCE COMPANY, Appellant. [649 NYS2d 96] —Per Curiam. Appeal from an order of the Supreme Court (Torraca, J.), entered December 21, 1995 in Ulster County, which, inter alia, granted plaintiff's motion for summary judgment on the issue of liability.

Plaintiff was insured under two separate insurance policies, a general homeowner's policy and another covering, inter alia, a barn on his property. On March 8, 1994, while both policies were in full force and effect, a fire destroyed plaintiff's barn and its contents. Pursuant to the terms of the aforementioned policies, plaintiff notified defendant of this occurrence and filed the requisite proofs of loss. Defendant paid plaintiff the full coverage provided under the barn policy but refused to pay for the claim, made under the homeowner's policy, for the wide

variety of personal property which had been stored in the barn, notwithstanding "Coverage C" of such policy which covered personal property located "anywhere in the world". Defendant based its refusal upon the notation on the declaration page of such policy which indicated that coverage thereunder was "[s]ubject to [the] following additional forms and endorsements" and which included the provision that "Coverage C * * * [does] not include any barns or their contents".

Plaintiff commenced this action seeking, *inter alia*, coverage under his homeowner's policy for the personal property which had been destroyed in the barn. After joinder, plaintiff and defendant each moved for summary judgment on the issue of liability and further sought a declaration detailing the coverage thereunder. Supreme Court granted plaintiff's motion, finding the coverage to include "any personal property that was situate[d] in the barn, which would not normally be found in a barn". Defendant appeals and we reverse.

Applying the "plain, ordinary, popular and nontechnical meaning[ ]" (*Kula v State Farm Fire & Cas. Co.*, 212 AD2d 16, 19, *lv dismissed, lv denied* 87 NY2d 953) to the phrase "barns or their contents", we conclude, without "strain[ing] to superimpose an unnatural or unreasonable construction" (*Goldman & Sons v Hanover Ins. Co.*, 80 NY2d 986, 987), that the personal property which was stored in the barn was not covered by plaintiff's homeowner's policy. Finding the language specific and unambiguous, "such [exclusionary] provision[ ] [must] take precedence over other clauses which may describe or acknowledge general areas of coverage" (*Rhinebeck Bicycle Shop v Sterling Ins. Co.*, 151 AD2d 122, 126). Defendant has therefore sustained its burden of establishing that its interpretation of the exclusion is not only reasonable but also the only fair construction (*see, Kula v State Farm Fire & Cas. Co., supra,* at 19). Such interpretation also comports with what can be gleaned as the intent of the parties when reading the coverage provided by the separate policies and considering that such exclusion was clearly placed on the cover sheet of the homeowner's policy both initially and upon its renewal.

Accordingly, we find that the contract should be enforced, as written, with a declaration made in defendant's favor (*see, Goldman & Sons v Hanover Ins. Co., supra*; *State of New York v Capital Mut. Ins. Co.*, 213 AD2d 888, *lv denied* 86 NY2d 702).

Mikoll, J. P., Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion denied, cross motion granted, partial summary judgment awarded to defendant and it is declared that there is

no coverage under the homeowner's policy issued by defendant for damage to property located in plaintiff's barn.