■ GEORGE BOYER, Doing Business as BOYER AGENCY, Respondent, v RICHARD J. WERNER et al., Doing Business as BIRCHWOOD REALTY, Appellants. [657 NYS2d 367] —Peters, J. Appeal from an order of the Supreme Court (Cobb, J.), entered January 24, 1996 in Columbia County, which, *inter alia,* granted plaintiff's motion for partial summary judgment on the issue of liability.

In October 1986, Dennis Gavigan, a real estate agent employed by plaintiff, supplied defendant Richard J. Werner (hereinafter Werner),[1] at his request, with the name of someone who was interested in purchasing a golf course since Werner was, at such time, marketing the Evergreen Country Club in Rensselaer County.[2] The referenced purchaser, Joseph Bove, made an offer to purchase Evergreen in December 1986 which was rejected by the owner. Ultimately, Bove executed a contract to purchase Evergreen which contained an option to buy another parcel of property owned by the same owner—the

---

1. Both Werner and defendant Mary Ann Werner are licensed real estate brokers.

2. There is a real dispute as to whether Werner was then simultaneously marketing the Pheasant Hollow Golf Club in Rensselaer County.

Pheasant Hollow Golf Club. Thereafter, assignees of Bove purchased both parcels.[3]

The instant action alleges that defendants breached their oral agreement to pay Gavigan, due to his reference of Bove, one half of any commissions earned in connection with the sale of these golf courses. Plaintiff propounded a motion for summary judgment seeking, at a minimum, partial summary judgment on the issue of defendants' liability in connection with both of these sales. Defendants cross-moved to dismiss on various grounds, prompting Supreme Court to enter partial summary judgment on the issue of liability in favor of plaintiff. Defendants now appeal that determination.

As the proponent of the motion, plaintiff submitted, *inter alia*, the affidavit of Gavigan in which he stated that, at defendants' request, he procured a purchaser for both Evergreen and Pheasant Hollow. Plaintiff further submitted numerous documents containing admissions by defendants that a commission was due Gavigan for his referral of Bove in connection with the sale of Evergreen. Based thereon, plaintiff clearly established his entitlement to a commission in connection with that sale but wholly failed to submit sufficient evidence to support his claim of an entitlement to a commission in connection with the sale of Pheasant Hollow or, with respect to either sale, that a 50/50 commission split was agreed upon. Reviewing defendants' responsive papers only to determine whether a triable issue of fact was raised to challenge defendants' liability in connection with the sale of Evergreen, we conclude that partial summary judgment was warranted (*see*, CPLR 3212 [e]; *Padula v Lilarn Props. Corp.*, 84 NY2d 519; *Gage v Raffensperger*, 234 AD2d 751; *Kellar v Mid-Hudson Coop. Ins. Co.*, 233 AD2d 568, *appeal dismissed, lv dismissed* 89 NY2d 982).

In light of our limited determination, we need not address defendants' remaining contention that Supreme Court prematurely granted partial summary judgment. Had we done so, we

---

**3.** Defendants had to commence an action to collect fees and commissions with respect to the above transactions. In February 1993, defendants received $330,000 in brokerage fees and/or commissions for the sale of Evergreen and are still seeking commissions/fees relative to the sale of Pheasant Hollow (*see*, *Werner v Katal Country Club*, 234 AD2d 659). Thereafter, Gavigan and his new employer, real estate broker Mary Joyce, commenced an action against defendants for commissions/fees due Gavigan for his referral of Bove. That complaint was dismissed by Supreme Court with a declaration that any money rightfully owed to Gavigan belonged to the broker for whom he had been working at the time of the alleged referral. Thus, the instant action was commenced.

would have found no error since defendants failed to demonstrate how further discovery might reveal the existence of relevant facts currently within the exclusive knowledge of plaintiff (*see, Billy v Consolidated Mach. Tool Corp.*, 51 NY2d 152; *Home Sav. Bank v Arthurkill Assocs.*, 173 AD2d 776, *lv dismissed* 78 NY2d 1071).

Accordingly, we modify Supreme Court's order by reversing so much thereof as granted partial summary judgment to plaintiff on the issue of defendants' liability in relation to the sale of Pheasant Hollow.

Cardona, P. J., Crew III, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion for partial summary judgment with regard to the sale of Pheasant Hollow Golf Club; motion denied to that extent; and, as so modified, affirmed.