■ DENNIS M. SHEEHAN et al., Appellants, v STATE FARM FIRE AND CASUALTY COMPANY, Respondent, et al., Defendants. [658 NYS2d 61] —In an action, *inter alia,* to recover damages for breach of contract, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Henry, J.), dated March 4, 1996, as denied those branches of their cross motion which were (1) to dismiss the third, fourth, seventh, eighth, ninth, and tenth affirmative defenses asserted by the defendant State Farm Fire and Casualty Company, and (2) for summary judgment on the issue of liability as to their first cause of action.

Ordered that the order is modified, on the law, by adding thereto a provision that, upon searching the record, summary judgment is granted to the defendant State Farm Fire and Casualty Company dismissing the complaint insofar as asserted against it; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant State Farm Fire and Casualty Company.

The plaintiffs' house, which was built in 1974 and insured by the defendant State Farm Fire and Casualty Company (hereinafter State Farm), suffered extensive damage when, in 1993, a portion of the concrete slab foundation which supported the house collapsed approximately 10 inches. The plaintiffs' engineer concluded that the slab foundation partially collapsed as a result of "decomposing organic matter" within the ground underneath the foundation. State Farm disclaimed coverage for the loss based upon language in the contract which excluded losses which were caused by "earth movement". The plaintiffs then commenced this action seeking, *inter alia,* damages for breach of contract. The plaintiffs moved, *inter alia,* for summary judgment on the issue of liability. The plaintiffs argued, in part, that the slab collapsed as the result of "hidden decay", a peril that was covered under the insurance policy. The Supreme Court, *inter alia,* denied that branch of the plaintiffs' motion which was for summary judgment.

It is well settled that where the language of an insurance contract is clear and unambiguous, interpretation of that

contract and construction of its provisions are questions of law (*see, Loblaw, Inc. v Employers' Liab. Assur. Corp.,* 57 NY2d 872, 876). In the case at bar, it is clear that the proximate cause of the plaintiffs' loss was "earth movement", despite the fact that the earth movement may have been occasioned by the decomposition of buried organic materials. State Farm's policy specifically denominates "earth movement" as an "excluded event" and further clearly states that it does not insure this type of loss "regardless of the cause of the excluded event". Therefore, even though the cause of the earth movement beneath the plaintiffs' structure may have been a "covered peril" under the policy, there is no ambiguity that the policy excludes coverage for earth movement (*see, Kula v State Farm Fire & Cas. Co.,* 212 AD2d 16; *Weaver v Hanover Ins. Co.,* 206 AD2d 910; *Nowacki v United Servs. Auto. Assn. Prop. & Cas. Ins. Co.,* 186 AD2d 1038). Accordingly, the plaintiffs' loss is excluded from coverage and they were not entitled to summary judgment.

Moreover, a motion for summary judgment empowers this Court to "search the record", and grant summary judgment where warranted, even if the party to whom summary judgment is granted neither moved for such relief in the Supreme Court nor cross-appealed (*see, Dunham v Hilco Constr. Co.,* 89 NY2d 425; *Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106; *Matter of Scenic Hudson Land Trust v Sarvis,* 234 AD2d 301). Under the facts and circumstances of this case, and upon searching the record, we find that State Farm is entitled to summary judgment dismissing the plaintiffs' complaint.

In light of the above determination, we deem it unnecessary to reach the plaintiffs' remaining contentions. Miller, J. P., Altman, Goldstein and Florio, JJ., concur.