█ SABATO CATUCCI et al., Respondents, v GREENWICH INSURANCE COMPANY, Appellant. [830 NYS2d 281]—

In an action to recover damages for breach of an insurance contract, the defendant appeals from so much of an order of the Supreme Court, Kings County (Schneier, J.), dated November 22, 2005, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The defendant issued a commercial property insurance policy to the plaintiff Sabato Catucci, which contained exclusions for loss caused by rust, corrosion, and deterioration of covered property. The property, located at 744 Clinton Street in Brooklyn, consisted of two separate buildings that fronted Clinton Street to the east, and abutted the waterway known as the Henry Street Basin to the west. Along the westerly portion of the property line, abutting the waterway, there was an outdoor concrete deck. The plaintiff American Stevedoring, Inc., of which Catucci

was a principal, occupied and used the property to load, unload, and store shipping containers. A portion of concrete located on the southwest end of the deck collapsed, creating a large hole. Thereafter, the plaintiffs sought reimbursement from the defendant under the insurance policy to repair the damage. The defendant denied coverage pursuant to the policy provisions excluding loss caused by rust, corrosion, and deterioration, and faulty, inadequate, or defective workmanship or construction. In addition, the defendant denied coverage under section 2 of the policy, entitled ''Property Not Covered,'' which excludes ''[b]ulkheads, pilings, piers, wharves or docks,'' and on the ground that the plaintiffs failed to prove that the loss occurred during the effective dates of the policy period. The plaintiffs commenced this action to recover damages for breach of the insurance policy. The defendant moved for summary judgment dismissing the complaint, and the plaintiffs cross-moved for partial summary judgment on the issue of liability, claiming that coverage is afforded under section D, entitled ''Additional Coverage—Collapse,'' which provides that the defendant, ''will pay for direct loss or damage to Covered Property, caused by collapse of a building or any part of a building insured under this Coverage Form, if the collapse is caused by one or more of the following,'' listing, as one of the covered causes, ''hidden decay.'' The Supreme Court found that triable issues of fact existed precluding summary judgment as to both parties. We reverse.

An exclusion from coverage ''must be specific and clear in order to be enforced'' (*Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 311 [1984]), and an ambiguity in an exclusionary clause must be construed most strongly against the insurer (*see Ace Wire & Cable Co. v Aetna Cas. & Sur. Co.*, 60 NY2d 390, 398 [1983]; *Thomas J. Lipton, Inc. v Liberty Mut. Ins. Co.*, 34 NY2d 356, 361 [1974]). However, an unambiguous policy provision must be accorded its plain and ordinary meaning (*see Sanabria v American Home Assur. Co.*, 68 NY2d 866, 868 [1986]), and the plain meaning of the policy's language may not be disregarded in order to find an ambiguity where none exists (*see Garson Mgt. Co. v Travelers Indem. Co. of Ill.*, 300 AD2d 538, 539 [2002]; *Acorn Ponds v Hartford Ins. Co.*, 105 AD2d 723, 724 [1984]). ''[P]olicy exclusions are to be read seriatim and, if any one exclusion applies, there is no coverage since no one exclusion can be regarded as inconsistent with another'' (*Sampson v Johnston*, 272 AD2d 956, 956 [2000]; *see Hartford Acc. & Indem. Co. v Reale & Sons*, 228 AD2d 935, 936 [1996]).

The Supreme Court erred in denying the defendant's motion

for summary judgment dismissing the complaint. The plain meaning of the exclusion was to relieve the defendant of liability for loss or damage to covered property caused by rust, corrosion, and deterioration. The defendant met its initial burden of establishing its entitlement to judgment as a matter of law by demonstrating that the exclusion applied to the loss in this case, and, in any event, that the plaintiffs failed to sustain their burden of proving that the loss occurred during the policy period (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Duratech Indus., Inc. v Continental Ins. Co.*, 21 AD3d 342, 344-345 [2005]; *Travelers Indem. Co. of Ill. v Related Cos., L.P.*, 9 AD3d 325 [2004]; *Garson Mgt. Co. v Travelers Indem. Co.*, *supra; Sheehan v State Farm Fire & Cas. Co.*, 239 AD2d 486, 487 [1997]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Gongolewski v Travelers Ins. Co.*, 252 AD2d 569 [1998]; *Nowacki v United Servs. Auto. Assn. Prop. & Cas. Ins. Co.*, 186 AD2d 1038 [1992]). Photographs of the concrete deck show cracking, vegetation growth, erosion, a powdery condition, and other signs of decay that were plainly visible without impairment or hindrance of visibility. There is no proof in the record that the collapse was caused solely by "hidden decay," but rather, that it was precipitated by conditions and occurrences specifically excluded from coverage (*see Weaver v Hanover Ins. Co.*, 206 AD2d 910, 911 [1994]; *Nowacki v United Servs. Auto. Assn. Prop. & Cas. Ins. Co.*, *supra*). Accordingly, the defendant's motion for summary judgment dismissing the complaint should have been granted. Spolzino, J.P., Ritter, Covello and Balkin, JJ., concur.