■ MADELINE E. LABATE et al., Respondents-Appellants, v LIBERTY MUTUAL INSURANCE COMPANY, Appellant-Respondent. [847 NYS2d 128]—

In an action, inter alia, to recover damages for breach of an insurance contract, the defendant appeals from so much of an order of the Supreme Court, Nassau County (Davis, J.), dated March 20, 2007, as denied its motion for summary judgment dismissing the complaint and the plaintiffs cross-appeal from so much of the same order as denied their cross motion, in effect, for summary judgment on the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the defendant's motion for summary judgment dismissing the complaint and substituting therefor a provision granting the defendant's motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the defendant.

The defendant, Liberty Mutual Insurance Company, issued a Deluxe Homeowners Insurance Policy (hereinafter the policy) insuring the residence of the plaintiffs, Madeline E. Labate and Joseph Labate, for the period of May 9, 2003, to May 9, 2004. During the coverage period, the plaintiffs' house suffered extensive damage when certain walls cracked and the concrete basement floor slab settled and cracked. The plaintiffs made a claim to the defendant pursuant to the policy for the building and structural damages sustained at the premises. However, the defendant disclaimed coverage based upon language in the in-

surance policy which excluded losses, inter alia, due to "Earth Movement . . . earth sinking, rising or shifting" and due to the "[s]ettling, shrinking, bulging or expansion, including resultant cracking, of pave-ments, patios, foundations, walls, floors, roofs or ceilings."

In 2003 the plaintiffs commenced the instant action against the defendant, seeking damages for breach of the insurance contract and related attorney's fees. The defendant moved for summary judgment dismissing the complaint based on the policy's exclusionary language, and the plaintiffs cross-moved, in effect, for summary judgment on the complaint. The Supreme Court denied both the defendant's motion and the plaintiffs' cross motion, finding triable issues of fact. We modify.

" '[C]ourts bear the responsibility of determining the rights or obligations of parties under insurance contracts based on the specific language of the policies' " (*Sanabria v American Home Assur. Co.*, 68 NY2d 866, 868 [1986], quoting *State of New York v Home Indem. Co.*, 66 NY2d 669, 671 [1985]), whose unambiguous provisions must be given "their plain and ordinary meaning" (*United States Fid. & Guar. Co. v Annunziata*, 67 NY2d 229, 232 [1986]; *see Maroney v New York Cent. Mut. Fire Ins. Co.*, 5 NY3d 467, 471-472 [2005]; *Catucci v Greenwich Ins. Co.*, 37 AD3d 513, 514 [2007]). As such, "[a]ny such exclusions or exceptions from coverage must be specific and clear in order to be enforced" (*Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 311 [1984]). The plain meaning of the policy's language may not be disregarded in order to find an ambiguity where none exists (*see Bassuk Bros. v Utica First Ins. Co.*, 1 AD3d 470, 471 [2003]; *Garson Mgt. Co. v Travelers Indem. Co. of Ill.*, 300 AD2d 538, 539 [2002]; *Sampson v Johnston*, 272 AD2d 956 [2000]).

In this case, the Supreme Court erred in denying the defendant's motion for summary judgment dismissing the complaint. The defendant met its initial burden of establishing its entitlement to judgment as a matter of law by demonstrating that the exclusions for "Earth Movement" and "settling" clearly and unambiguously applied to the property loss experienced by the plaintiffs (*see Cali v Merrimack Mut. Fire Ins. Co.*, 43 AD3d 415, 417 [2007]; *Sheehan v State Farm Fire & Cas. Co.*, 239 AD2d 486 [1997]; *Kula v State Farm Fire & Cas. Co.*, 212 AD2d 16, 20 [1995]; *Nowacki v United Servs. Auto. Assn. Prop. & Cas. Ins. Co.*, 186 AD2d 1038 [1992]). The defendant's expert and the plaintiffs' own engineers, hired to remedy the conditions, all opined that the property damage was caused directly or indirectly by earth movement and settlement. In opposition, the plaintiffs failed to raise a triable issue of fact (*see*

*Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). Goldstein, J.P., Fisher, Carni and McCarthy, JJ., concur.