■ LORDAE REALTY CORPORATION et al., Respondents, v UNITED STATES FIRE INSURANCE COMPANY, Appellant. [895 NYS2d 740]—

In an action, inter alia, to recover damages for breach of contract and for a judgment declaring that the defendant is obligated to provide coverage pursuant to an insurance policy for certain losses allegedly sustained by the plaintiffs, the defendant appeals from an order of the Supreme Court, Westchester County (Bellantoni, J.), entered January 27, 2009, which denied its motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the defendant's motion for summary judgment is granted, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, declaring that the defendant is not obligated to provide coverage to the plaintiffs for the claimed losses to their properties.

The Supreme Court erred in denying the defendant's motion for summary judgment. The defendant met its initial burden of establishing its entitlement to judgment as a matter of law by

demonstrating that the "earth movement" exclusion in the insurance policy clearly and unambiguously applied to the plaintiffs' losses (*see I & R Realty Mgt., Inc. v Transcontinental Ins. Co.*, 59 AD3d 598 [2009]; *Labate v Liberty Mut. Ins. Co.*, 45 AD3d 811, 812 [2007]; *Cali v Merrimack Mut. Fire Ins. Co.*, 43 AD3d 415, 417 [2007]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Accordingly, the Supreme Court erred in denying the defendant's motion.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, declaring that the defendant is not obligated to provide coverage to the plaintiffs for the claimed losses to their properties (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]).

In light of our determination, the defendant's remaining contentions have been rendered academic. Rivera, J.P., Dickerson, Chambers and Hall, JJ., concur.