■ ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE, Appellant, v CERTAIN UNDERWRITERS AT LLOYD'S LONDON et al., Respondents. [898 NYS2d 876]—

In an action to recover damages for breach of contract and for a judgment declaring that certain assessments the plaintiff was mandated to pay under the Workers' Compensation Law are covered under the insurance policies issued by the defendants, the plaintiff appeals from an order of the Supreme Court, Nassau County (Austin, J.), entered December 1, 2008, which denied its motion for summary judgment dismissing the defendants' seventh affirmative defense and granted the defendants' cross motion for summary judgment.

Ordered that the order is affirmed, with costs, and the matter

is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the assessments the plaintiff was mandated to pay under the Workers' Compensation Law are not covered under the insurance policies issued by the defendants.

Between 1976 and 1996 (hereinafter the covered period), the plaintiff, a self-insured employer, obtained a series of excess insurance policies from the defendants. Each of the policies provided coverage for workers' compensation, the scope of which was set forth in the policies. During the covered period, the plaintiff was required to pay a number of assessments imposed upon self-insurers under certain sections of the Workers' Compensation Law (see Workers' Compensation Law § 15 [8] [h]; § 25-a [3]; see also §§ 50, 151 [2] [b]). The plaintiff initiated this action against the defendants, demanding, inter alia, a judgment declaring that, pursuant to the terms of the policies, the defendants are obligated to indemnify the plaintiff for these statutorily-mandated assessments.

The plaintiff moved for summary judgment dismissing the defendants' seventh affirmative defense, wherein the defendants asserted that the plaintiff's "claims are either not covered and/or excluded" from the subject policies. The defendants opposed the motion and cross-moved for summary judgment. The Supreme Court denied the plaintiff's motion for summary judgment dismissing the defendants' seventh affirmative defense and granted the defendants' cross motion for summary judgment. The Supreme Court found that the language in the policies clearly and unambiguously did not require payment of the statutorily-mandated assessments. We affirm.

" '[C]ourts bear the responsibility of determining the rights or obligations of parties under insurance contracts based on the specific language of the policies' " (Sanabria v American Home Assur. Co., 68 NY2d 866, 868 [1986], quoting State of New York v Home Indem. Co., 66 NY2d 669, 671 [1985]). Where a provision is unambiguous, it must be given its "plain and ordinary meaning" (United States Fid. & Guar. Co. v Annunziata, 67 NY2d 229, 232 [1986]; see Maroney v New York Cent. Mut. Fire Ins. Co., 5 NY3d 467, 471-472 [2005]; Catucci v Greenwich Ins. Co., 37 AD3d 513, 514 [2007]). Here, there is no ambiguity in the relevant terms of the insurance policies and, as the Supreme Court properly determined, the terms cannot reasonably be read to include the assessments imposed upon the plaintiff under the Workers' Compensation Law.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment declaring that the statutorily-mandated assess-

ments are not covered under the subject insurance policies (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Covello, J.P., Florio, Eng and Chambers, JJ., concur. **[Prior Case History: 21 Misc 3d 1136(A), 2008 NY Slip Op 52398(U).]**