*701 The defendant, Allstate Insurance Company (hereinafter Allstate), issued a Deluxe Plus Homeowner’s Policy (hereinafter the policy) insuring the plaintiff’s residence for the period of April 19, 2005, to April 19, 2006. During the coverage period, the plaintiffs property sustained extensive damage when, during a rain storm, a mudslide caused a retaining wall on her property to collapse. The plaintiff made a claim with Allstate pursuant to the policy for the damage sustained. However, Allstate disclaimed coverage based upon language in the insurance policy which excluded losses, inter alia, due to “[e]arth movement of any type, including, but not limited to . . . landslide, subsidence, mudflow, pressure, sinkhole, erosion, or the sinking, rising, shifting, creeping, expanding, bulging, cracking, settling or contracting of the earth.”
The plaintiff commenced this action against Allstate, inter alia, to recover damages for breach of the insurance contract. Allstate moved, among other things, in effect, for summary judgment dismissing the first cause of action, which alleged breach of the insurance contract, based on the policy’s exclusionary language. The plaintiff cross-moved for summary judgment on the issue of liability on the first cause of action, asserting that the retaining wall was damaged because a municipal drain above the retaining wall had become clogged, a peril covered by the policy. The Supreme Court awarded Allstate summary judgment dismissing the first cause of action and denied the plaintiffs cross motion.
“ ‘[C]ourts bear the responsibility of determining the rights or obligations of parties under insurance contracts based on the specific language of the policies’ ” (Sanabria v American Home Assur. Co., 68 NY2d 866, 868 [1986], quoting State of New York v Home Indem. Co., 66 NY2d 669, 671 [1985]), whose unambiguous provisions “ ‘must be given their plain and ordinary meaning’ ” (United States Fid. & Guar. Co. v Annunziata, 67 NY2d 229, 232 [1986], quoting Government Empls. Ins. Co. v Kligler, 42 NY2d 863, 864 [1977]). “[A]n exclusion from coverage ‘must be specific and clear in order to be enforced’ (Seaboard Sur. Co. v Gillette Co., 64 NY2d 304, 311 [1984]), and an ambiguity in an exclusionary clause must be construed most strongly against *702 the insurer” (Guachichulca v Laszlo N. Tauber & Assoc., LLC, 37 AD3d 760, 761 [2007]; see Ace Wire & Cable Co. v Aetna Cas. & Sur. Co., 60 NY2d 390, 398 [1983]; Ruge v Utica First Ins. Co., 32 AD3d 424, 426 [2006]). The plain meaning of the policy’s language may not be disregarded in order to find an ambiguity where none exists (see Bassuk Bros. v Utica First Ins. Co., 1 AD3d 470, 471 [2003]; Garson Mgt. Co. v Travelers Indem. Co. of Ill., 300 AD2d 538, 539 [2002]; Sampson v Johnston, 272 AD2d 956 [2000]).
In this case, Allstate met its initial burden of establishing its entitlement to judgment as a matter of law by demonstrating that the exclusion clearly and unambiguously applies to the plaintiffs property loss (see Labate v Liberty Mut. Ins. Co., 45 AD3d 811, 812-813 [2007]; Nowacki v United Servs. Auto. Assn. Prop. & Cas. Ins. Co., 186 AD2d 1038 [1992]). The plain language of the exclusion was to relieve the insurer from loss or damage to covered property caused by “[e]arth movement of any type, including, but not limited to . . . landslide [and] mudflow.” Here, the loss was attributable to a landslide and mudflow. Moreover, even though the movement was precipitated by excessive rain and a clogged drain, the policy expressly excluded coverage for losses occasioned by such causes as well (cf. Cali v Merrimack Mut. Fire Ins. Co., 43 AD3d 415, 416-418 [2007]; Sheehan v State Farm Fire & Cas. Co., 239 AD2d 486 [1997]; Kula v State Farm Fire & Cas. Co., 212 AD2d 16, 20 [1995]). In opposition, the plaintiff failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
Accordingly, the Supreme Court properly granted that branch of Allstate’s motion which was, in effect, for summary judgment dismissing the first cause of action.
In light of our determination, we need not reach the plaintiffs remaining contentions. Angiolillo, J.E, Belen, Chambers and Austin, JJ., concur.