■ 6 Montague, LLC, Appellant, v New Hampshire Insurance Company, Respondent. [996 NYS2d 258]—

Order, Supreme Court, New York County (George J. Silver, J.), entered July 31, 2013, which granted defendant's cross motion for summary judgment dismissing the complaint, and denied plaintiff's motion for summary judgment, unanimously modified, on the law, solely to declare in defendant's favor, and otherwise affirmed, without costs.

Defendant insurer met its burden of establishing entitlement to judgment as a matter of law. The record establishes that the damage to the balcony was caused by deterioration and wet or dry rot, which defendant is not liable for pursuant to the plain language of the exclusion provisions of the policy (*see Seward Park Hous. Corp. v Greater N.Y. Mut. Ins. Co.*, 43 AD3d 23, 28 [1st Dept 2007]). The photographs and affidavit submitted by defendant's engineer demonstrate that a rotting column contributed to decay in the horizontal beam that ultimately fractured. Although the beam was not visible because it was encased in fascia, the decay in the area below it was visible and was a clear indication that the beam within was deteriorating. Thus, even if the loss was due to collapse, as contended by plaintiff, the exclusion for loss due to decay and deterioration is applicable (*see Catucci v Greenwich Ins. Co.*, 37 AD3d 513, 514-515 [2d Dept 2007]).

There is no ambiguity as to the meaning of the term "hidden decay," which is a loss covered by the policy. Here, as in *Catucci*, the defect was not hidden because the decay was evident via visual inspection (*see* 37 AD3d at 515). Nor is it enough for plaintiff to contend that it did not have actual knowledge of the decay within the fractured beam. The evidence of extensive damage, such as the rotting of the area right below the internal beam that eventually split, was graphically depicted in the photographs and was confirmed by plaintiff's own engineer and architect.

Although the motion court reached the correct result, we note that where, as here, a declaratory judgment action is resolved on the merits against the plaintiff, the proper course is to declare in favor of the defendant, rather than dismiss the action (*see Maurizzio v Lumbermens Mut. Cas. Co.*, 73 NY2d 951, 954 [1989]). Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Richter and Feinman, JJ. **[Prior Case History: 2013 NY Slip Op 31748(U).]**