# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

153

CA 14-01389

PRESENT: SCUDDER, P.J., SMITH, CENTRA, LINDLEY, AND VALENTINO, JJ.

---

KAREN E. LAWRENCE, PLAINTIFF-APPELLANT,

V                                              MEMORANDUM AND ORDER

MARTIN W. MCCLARY AND NANETTE C. MCCLARY,
DEFENDANTS-RESPONDENTS.

---

FOLEY & FOLEY, PALMYRA (MICHAEL STEINBERG OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

HAGELIN KENT LLC, BUFFALO (BRENT C. SEYMOUR OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Ontario County (Frederick G. Reed, A.J.), entered May 2, 2014. The order granted the motion of defendants for summary judgment and dismissed the complaint.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, and the complaint is reinstated.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained in a motor vehicle accident alleging, inter alia, she sustained a stress fracture in her left foot as a result of the accident. Following discovery, defendants moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) and, in opposing the motion, plaintiff relied exclusively on the "fracture" category of serious injury. We agree with plaintiff that Supreme Court erred in granting the motion. Although defendants met their initial burden, we conclude that plaintiff raised an issue of fact in opposition to the motion by submitting the affidavits of her primary care physician and podiatrist, both of whom opined that, based upon a reasonable degree of medical certainty, plaintiff sustained a distal left 5th metatarsal fracture in the subject motor vehicle accident (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). Although defendants' expert concluded otherwise, it is well settled that " 'conflicting expert opinions may not be resolved on a motion for summary judgment' " (*Edwards v Devine*, 111 AD3d 1370, 1372; *see Pittman v Rickard*, 295 AD2d 1003, 1004). Furthermore, although defendants are correct that plaintiff's podiatrist initially diagnosed only a "possible stress fracture" when reviewing X rays of plaintiff's left foot, we note that he thereafter determined that a subsequent

bone scan showed a healing stress fracture.  In any event, the alleged conflict in the podiatrist's diagnoses presents a credibility issue that cannot be resolved in the context of a motion for summary judgment (*see Rew v County of Niagara*, 115 AD3d 1316, 1318).