Valente v Utica First Ins. Co. (2019 NY Slip Op 04551)





Valente v Utica First Ins. Co.


2019 NY Slip Op 04551


Decided on June 7, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, DEJOSEPH, AND CURRAN, JJ.


186 CA 18-00861

[*1]FRANK VALENTE AND DARLENE VALENTE, PLAINTIFFS-RESPONDENTS-APPELLANTS,
v
UTICA FIRST INSURANCE COMPANY, DEFENDANT-APPELLANT-RESPONDENT. 






FARBER BROCKS & ZANE L.L.P., GARDEN CITY (SHERRI N. PAVLOFF OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT. 
BARTH SULLIVAN BEHR, BUFFALO (LAURENCE D. BEHR OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS-APPELLANTS. 


 Appeal and cross appeal from an order of the Supreme Court, Niagara County (Sara Sheldon, A.J.), entered January 26, 2018. The order, among other things, denied the motion of defendant for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting defendant's motion, dismissing the amended complaint and granting judgment in favor of defendant as follows:
It is ADJUDGED AND DECLARED that defendant is not obligated to provide coverage to plaintiffs for the underlying claim,
and as modified the order is affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking, inter alia, a declaration that defendant is obligated to provide insurance coverage for damage to plaintiffs' house pursuant to a homeowners' insurance policy issued by defendant. Defendant appeals and plaintiffs cross-appeal from an order that denied defendant's motion for summary judgment dismissing the complaint and for judgment on its counterclaim for a declaration that defendant is not obligated to provide coverage to plaintiffs for the underlying claim, granted those parts of plaintiffs' cross motion seeking leave to amend their complaint and to be relieved of certain admissions, and denied that part of plaintiffs' cross motion for a declaration that defendant is obligated to provide coverage to them for their underlying claim.
We agree with defendant on its appeal that, regardless of whether we rely upon the allegations in plaintiffs' original or amended complaint, defendant is not obligated to provide coverage for plaintiffs' underlying claim because the insurance policy's earth movement exclusion applies to the damage caused to their home (see Kula v State Farm Fire & Cas. Co. , 212 AD2d 16, 21 [4th Dept 1995], lv dismissed in part and denied in part 87 NY2d 953 [1996]). Thus, Supreme Court erred in denying defendant's motion, and we therefore modify the order accordingly. The insurance policy provided that "earth movement" included "earth sinking," "shifting," or "contracting." Even assuming, arguendo, that there was a sinking of the ground underneath the house's foundation as opposed to erosion or washout, we conclude that such sinking nevertheless constituted earth movement that proximately caused the claimed loss (see id . at 20). It is irrelevant that the earth movement may have been precipitated by the peril of above-surface downspout water, which is arguably covered by the policy, as opposed to sump pump leakage, which is excluded from coverage, because here it was the earth movement, not the flow of water, that proximately caused the damage to the house (see Sheehan v State Farm Fire & Cas. Co. , 239 AD2d 486, 487 [2d Dept 1997]). Thus, we conclude that the earth movement [*2]exclusion applies and defendant is not obligated to cover plaintiffs' loss (see generally Kula , 212 AD2d at 20-21).
In light of our determination, the parties' remaining contentions are academic.
Entered: June 7, 2019
Mark W. Bennett
Clerk of the Court