Taylor v Kelly (2019 NY Slip Op 09135)





Taylor v Kelly


2019 NY Slip Op 09135


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


1024 CA 19-00454

[*1]KELLI J. TAYLOR, PLAINTIFF-RESPONDENT,
v
JOYCE B. KELLY, DEFENDANT-APPELLANT. 






LAW OFFICE OF JOHN WALLACE, BUFFALO (ALYSON C. CULLITON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
CELLINO & BARNES, P.C., BUFFALO (ELLEN B. STURM OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Frank A. Sedita, III, J.), entered November 30, 2018. The order, insofar as appealed from, denied the motion of defendant for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries that she allegedly sustained when the vehicle she was driving was rear-ended by a vehicle operated by defendant. Plaintiff alleged that, as a result of the motor vehicle accident, she sustained injuries to, inter alia, her cervical spine under the significant limitation of use and permanent consequential limitation of use categories of serious injury as defined in Insurance Law § 5102 (d).
Supreme Court properly denied defendant's motion seeking summary judgment dismissing the complaint on the ground that plaintiff's alleged injuries were not causally related to the accident. Defendant met her initial burden on the motion by offering " persuasive evidence that plaintiff's alleged pain and injuries were related to a preexisting condition' " rather than the subject motor vehicle accident (Kwitek v Seier, 105 AD3d 1419, 1420 [4th Dept 2013], quoting Pommells v Perez, 4 NY3d 566, 580 [2005]), i.e., the affirmed report of the physician who conducted an independent medical examination (IME) of plaintiff on defendant's behalf. The IME physician reviewed medical records of plaintiff, who had been involved in 15 prior motor vehicle accidents, and concluded that imaging studies performed after the accident did not show any new pathology.
Contrary to defendant's contention, however, we conclude that plaintiff's submissions in opposition to the motion raised an issue of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 326-327 [1986]). Plaintiff submitted, inter alia, the affirmation of her treating neurosurgeon, who opined that the accident caused plaintiff to suffer a disc herniation at the C6-7 level, which resulted in two surgeries. According to plaintiff's neurosurgeon, that disc herniation was not present in imaging studies performed prior to the accident. Thus, the record contains a triable issue of fact with respect to whether plaintiff suffered a new injury as a result of the accident (see Mays v Green, 165 AD3d 1619, 1620-1621 [4th Dept 2018]; Lawrence v McClary, 125 AD3d 1502, 1503 [4th Dept 2015]; cf. Overhoff v Perfetto, 92 AD3d 1255, 1256 [4th Dept 2012], lv denied 19 NY3d 804 [2012]).
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court