S & J Props. of Watertown, LLC v Main St. Am. Group (2022 NY Slip Op 03837)

S & J Props. of Watertown, LLC v Main St. Am. Group

2022 NY Slip Op 03837

Decided on June 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, NEMOYER, AND BANNISTER, JJ.

422 CA 21-00830

[*1]S & J PROPERTIES OF WATERTOWN, LLC, PLAINTIFF-RESPONDENT,
T
v
HE MAIN STREET AMERICA GROUP, DEFENDANT-APPELLANT. 

SMITH SOVIK KENDRICK & SUGNET, P.C., SYRACUSE (VICTOR L. PRIAL OF COUNSEL), FOR DEFENDANT-APPELLANT.
THE WARD FIRM, PLLC, BALDWINSVILLE (MATTHEW E. WARD OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Jefferson County (James P. McClusky, J.), entered June 3, 2021. The order denied the motion of defendant for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, and the complaint is dismissed.
Memorandum: Plaintiff owns commercial property insured by a policy issued by defendant and submitted a claim to defendant to recover damages for a bulging wall of the building. Defendant denied the claim, and plaintiff commenced this breach of contract action alleging that defendant wrongfully disclaimed coverage for damage to the property. Defendant moved for summary judgment dismissing the complaint, and Supreme Court denied the motion.
We agree with defendant that the court erred in denying its motion. Defendant met its initial burden on its motion by establishing as a matter of law that plaintiff's loss is not covered under the policy because it resulted from "deterioration," which condition was specifically excluded from coverage, and plaintiff failed to raise an issue of fact in opposition (see Lynch v Preferred Mut. Ins. Co., 194 AD3d 1460, 1461 [4th Dept 2021]). Unambiguous policy provisions are to be given their plain and ordinary meaning (see Sanabria v American Home Assur. Co., 68 NY2d 866, 868 [1986], rearg denied 69 NY2d 707 [1986]; Catucci v Greenwich Ins. Co., 37 AD3d 513, 514 [2d Dept 2007]), and the plain meaning of the exclusion in question "was to relieve the insurer of liability when its insured sought reimbursement for costs incurred in correcting . . . deterioration of the subject [premises]" (Garson Mgt. Co. v Travelers Indem. Co. of Ill., 300 AD2d 538, 539 [2d Dept 2002], lv denied 100 NY2d 503 [2003]; see Catucci, 37 AD3d at 515). Here, both defendant's expert and plaintiff's expert opined that the wall bulged due to deterioration of the bricks from exposure to moisture and freeze-thaw cycles. The only difference was that defendant's expert opined that the wall had been deteriorating over an extended period of time, whereas plaintiff's expert opined that the deterioration occurred over two months. Either way, the damage was the result of deterioration, and thus the policy exclusion applies and defendant is entitled to summary judgment (see 6 Montague, LLC v New Hampshire Ins. Co., 122 AD3d 451, 451 [1st Dept 2014]; Catucci, 37 AD3d at 515; Garson Mgt. Co., 300 AD2d at 539).
Plaintiff's remaining contention that the order should be affirmed because defendant failed to include a copy of the insurance policy with its motion papers is raised for the first time on appeal and is therefore not properly before us (see Matter of VanLoan [appeal No. 2], 156 AD3d 1426, 1426 [4th Dept 2017]; Chapman v Pyramid Co. of Buffalo, 63 AD3d 1623, 1624 [4th Dept 2009]).
Entered: June 10, 2022
Ann Dillon Flynn
Clerk of the Court