Ko Bar & Grill, LLC v Midstate Mut. Ins. Co. (2025 NY Slip Op 03403)

Ko Bar & Grill, LLC v Midstate Mut. Ins. Co.

2025 NY Slip Op 03403

Decided on June 6, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., SMITH, OGDEN, NOWAK, AND HANNAH, JJ.

90 CA 24-00251

[*1]KO BAR & GRILL, LLC, PLAINTIFF-RESPONDENT,
v
MIDSTATE MUTUAL INSURANCE COMPANY, DEFENDANT-APPELLANT. 

RUPP PFALZGRAF LLC, BUFFALO (MATTHEW F. WITHIAM-LEITCH OF COUNSEL), FOR DEFENDANT-APPELLANT.
BECKER LAW, BUFFALO (PAUL B. BECKER OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Gerald J. Greenan, III, J.), entered January 23, 2024. The order, insofar as appealed from, denied the motion of defendant for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this action for breach of contract, plaintiff seeks to recover proceeds under a property insurance policy issued by defendant. Plaintiff alleges that, while the policy was in effect, the property in question—i.e., a building in which plaintiff leased space on the first floor for the operation of a bar—sustained significant damage, and defendant disclaimed coverage. Defendant now appeals from an order that, inter alia, denied its motion for summary judgment dismissing the complaint. We affirm.
Defendant contends, initially, that Supreme Court should have granted its motion because plaintiff did not have an insurable interest in the property. We reject that contention. "[T]o prevent fraud and crime and to prohibit wagering contracts on property in which the insured possesses no interest, the lack of an insurable interest in the property insured renders the property insurance void and unenforceable" (Etterle v Excelsior Ins. Co. of N.Y., 74 AD2d 436, 438 [4th Dept 1980]; see generally Scarola v Insurance Co. of N. Am., 31 NY2d 411, 413 [1972]). An insurable interest in property includes "any lawful and substantial economic interest in the safety or preservation of property from loss, destruction or pecuniary damage" (Insurance Law § 3401). "[A] legal or equitable interest in the property insured is not necessary to support an insurable interest . . . Rather, a person has an insurable interest in a property whenever [the person] would profit by or gain some advantage from the property's continued existence or suffer some loss or disadvantage by its destruction" (Azzato v Allstate Ins. Co., 99 AD3d 643, 649 [2d Dept 2012] [internal quotation marks omitted]; see Weissman v Galway Constr. Corp., 239 AD2d 410, 411 [2d Dept 1997]). Tenants are not excluded from having an insurable interest in leased property and, indeed, "[i]t has been recognized that a lessee or tenant of a premises," such as plaintiff here, "may have an insurable interest in the premises leased, especially where [the lessee or tenant] has agreed to return the premises to the lessor in good condition, or has agreed to keep the premises insured" (Sigola Mfg. v Dairyland Ins. Co., 124 AD2d 654, 654 [2d Dept 1986]; see Rosalie Estates v Colonia Ins. Co., 227 AD2d 335, 336 [1st Dept 1996]). "Great liberality is indulged in determining whether a person has anything at hazard in the subject matter of the insurance, and any interest which would be recognized by a court of law or equity is an insurable interest" (Scarola, 31 NY2d at 413 [internal quotation marks omitted]).
Here, we conclude that defendant failed to establish on its motion that plaintiff would not suffer pecuniary or economic loss if the property in question were destroyed (see Sabharwal v [*2]Hyundai Mar. & Fire Ins. Co., Ltd., 216 AD3d 1015, 1017 [2d Dept 2023]), and thus it failed to establish, as a matter of law, that plaintiff did not have an insurable interest in the property (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Contrary to defendant's contention, its assertion that the damage to the property did not affect plaintiff because the bar's interior operations were closed due to the COVID-19 pandemic at the time of the loss is insufficient to establish that plaintiff did not have an insurable interest in the property (see generally Azzato, 99 AD3d at 649).
Defendant further contends that, even if plaintiff had an insurable interest in the property, the court should have granted its motion because the insurance policy does not cover the damage to the property. We reject that contention as well. Even assuming, arguendo, that defendant met its initial burden on its motion through the submission of an expert affidavit in which the expert opined that the damage was caused by severe wear and tear that was not a covered loss under the policy (see generally S & J Props. of Watertown, LLC v Main St. Am. Group, 206 AD3d 1704, 1705 [4th Dept 2022]), we conclude that plaintiff raised triable issues of fact regarding the cause of damage through the submission of its own expert affidavit (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Plaintiff's expert opined that the damage was the direct result of frozen pipes and water leakage from those pipes, as opposed to simple wear and tear. Thus, the expert opinions conflict on whether the damage was covered under the insurance policy. "[C]onflicting expert opinions may not be resolved on a motion for summary judgment" (Crutchfield v Jones, 132 AD3d 1311, 1311 [4th Dept 2015] [internal quotation marks omitted]; see Lawrence v McClary, 125 AD3d 1502, 1503 [4th Dept 2015]), and "a classic battle of the experts [should be] left to a jury for resolution" (Mason v Adhikary, 159 AD3d 1438, 1439 [4th Dept 2018] [internal quotation marks omitted]).
Finally, we note that defendant's contention that the court improperly considered plaintiff's surreply is raised for the first time on appeal and thus is not properly before us (see generally Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]).
Entered: June 6, 2025
Ann Dillon Flynn
Clerk of the Court