■ ROCON MANUFACTURING, INC., Respondent, v RANDY FERRARO, Defendant, and NATIONWIDE INSURANCE COMPANY, Appellant. [605 NYS2d 591] —Judgment affirmed without costs. Memorandum: Supreme Court properly granted summary judgment in favor of plaintiff against defendant Nationwide Insurance Company (Nationwide) for plaintiff's economic loss sustained as a result of a general power failure.

Section B (2) (g) of the Coverage Provisions of the Mechanical, Electrical and Pressure Equipment Coverage Endorsement of plaintiff's insurance policy with Nationwide provided coverage for economic loss resulting from an "Accident" to electrical equipment "whether or not the equipment is located on [plaintiff's] premises, which is owned by a public utility company contracted by you to supply electric power solely to your premises". In an ice storm on March 3, 1991, damage to a single phase primary line owned by Rochester Gas & Electric, plaintiff's electric power supplier, caused plaintiff's manufacturing operations to be suspended from March 3 to March 9, 1991. The damaged power line was not on plaintiff's premises. Nationwide denied liability for plaintiff's resulting income loss, asserting that the line conducting electric power from a utility pole to plaintiff's premises was not damaged and, therefore, equipment that "solely" supplied plaintiff's premises did not sustain an accident.

Where the provisions of an insurance contract are clear and unambiguous, they must be enforced as written (State of New York v Home Indem. Co., 66 NY2d 669, 671; Breed v Insurance Co., 46 NY2d 351, 355). Clear and unambiguous terms should be understood in their plain, ordinary, popular and nontechnical sense (United States Fid. & Guar. Co. v Annunziata, 67 NY2d 229, 232), and they should be given the meaning of "an ordinary business man in applying for insurance and reading the language of the policies when submitted" (Thomas J. Lipton, Inc. v Liberty Mut. Ins. Co., 34 NY2d 356, 361).

The plain meaning of section B (2) (g) is that the insurance coverage under the endorsement applied only to those power losses that occurred "solely" at the plaintiff's manufacturing plant, identified in the policy as 606 Hague Street, Rochester, and not to any other premises owned, leased or used by plaintiff. There is, therefore, no ambiguity and we reject Nationwide's contentions that extrinsic evidence is necessary

to resolve ambiguity in the endorsement with respect to coverage, and that the extrinsic evidence it proffered in Supreme Court satisfactorily resolved in its favor such ambiguity. For the purpose of admitting extrinsic evidence, ambiguous language in an insurance contract must be "susceptible of two reasonable interpretations" *(State of New York v Home Indem. Co., supra,* at 671). In our view, the language in section B (2) (g) is susceptible of only one reasonable interpretation; lost income resulting from a power failure in plaintiff's Hague Street premises caused by an accident to the utility company's power equipment is covered. Thus, reference to extrinsic evidence is neither necessary nor warranted.

Further, it is fundamental that ambiguities in a policy of insurance " 'must be resolved in favor of the policyholder and against the company which issued the policy' * * * This rule is enforced even more strictly when the language at issue purports to limit the company's liability" *(Venigalla v Penn Mut. Ins. Co.,* 130 AD2d 974, 975, *lv dismissed* 70 NY2d 747; *see also, Thomas J. Lipton, Inc. v Liberty Mut. Ins. Co., supra; Sincoff v Liberty Mut. Fire Ins. Co.,* 11 NY2d 386). Therefore, even were we to find the language in section B (2) (g) ambiguous, we would be obliged to construe it against Nationwide.

There is no merit to Nationwide's contention that there is no coverage for the further reason that section B (5) (b) (10) of the endorsement excludes coverage for "[l]oss caused by or resulting from the lack of power, light, steam or refrigeration". Section B (5) (b) (10) is a general boilerplate exclusion, whereas section B (2) (g) covers a specific risk. Any apparent inconsistency is governed by the rule that where "there [is] an inconsistency between a specific provision and a general provision of a contract * * * the specific provision controls" *(Muzak Corp. v Hotel Taft Corp.,* 1 NY2d 42, 46; *see also,* 69 NY Jur 2d, Insurance, § 711). Therefore, section B (2) (g), as the more specific provision, governs with respect to whether the loss is covered.

All concur except Pine, J. P., who dissents and votes to reverse in the following Memorandum.

Pine, J. P. (dissenting). I respectfully dissent and vote to reverse. There is no inherent inconsistency or repugnancy between section B (2) (g) and (5) (b) (10) of the endorsement to the insurance policy issued to plaintiff by defendant. The former specifically provides coverage for loss from accidental damage to the electrical apparatus used exclusively to provide power to plaintiff. The latter excludes coverage for loss result-

ing from lack of power generally. It is undisputed that the ice storm that gave rise to plaintiff's claim did not damage any apparatus serving plaintiff's plant solely. Thus, the loss was excluded pursuant to section B (5) (b) (10). (Appeal from Judgment of Supreme Court, Monroe County, Calvaruso, J.— Summary Judgment.) Present—Pine, J. P., Balio, Doerr and Boehm, JJ.