■ MICHAEL REYNOLDS et al., Respondents, v STANDARD FIRE INSURANCE COMPANY, Doing Business as AETNA LIFE & CASUALTY, Appellant. [634 NYS2d 163] —In an action to recover damages pursuant to a homeowner's insurance policy, the defendant appeals from stated portions of an order of the Supreme Court, Suffolk County (Henry, J.), dated July 20, 1994, which, *inter alia,* granted that branch of the plaintiffs' cross motion which was for summary judgment on the issue of coverage under the homeowner's insurance policy and denied the defendant's motion for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the branch of the plaintiffs' cross motion which was for summary judgment on the issue of coverage under the homeowner's insurance policy is denied, the defendant's motion is granted, and the complaint is dismissed.

The homeowner's insurance policy in the instant case contained an exclusion for "loss resulting directly or *indirectly* from: * * * water damage" (emphasis added), except in situations of, *inter alia,* "[d]irect loss by * * * explosion * * * resulting from water damage". The Supreme Court found that the water damage exclusion did not preclude coverage because the plaintiffs' losses were caused primarily by oil damage and secondarily by water damage. We disagree.

It is well settled that where the provisions of an insurance contract are clear and unambiguous, they should be given their plain meaning *(see, Goldman & Sons v Hanover Ins. Co.,* 80 NY2d 986; *Commissioners of State Ins. Fund v Insurance Co.,* 80 NY2d 992). Here, two theories were advanced as to how the plaintiffs' losses occurred. According to one theory, water flooded the basement of the plaintiffs' house, lifted their fuel oil tank from the floor, and broke the oil supply line, causing oil to escape through the broken supply line into the basement.

According to the other theory, water flooded the plaintiffs' basement, entered the vent pipe of the fuel oil tank, and displaced the oil in the tank, causing oil to escape into the basement. Under either theory, the plaintiffs' losses due to oil damage were caused indirectly by water. Thus, given the clear and unambiguous exclusion contained in the homeowner's insurance policy for loss resulting directly *or indirectly* from water damage, coverage was precluded. Furthermore, none of the explanations offered by the plaintiffs as to how the damage occurred establish that the loss was caused by an explosion. Joy, J. P., Hart, Goldstein and Florio, JJ., concur.