OPINION OF THE COURT
Joseph G. Makowski, J.
Plaintiff seeks recovery under his homeowner’s insurance policy through the defendant insurer. The claim arose when his gunite inground swimming pool “lifted” out of the ground about two feet after it was drained in order to clean said pool. Defendant disclaimed coverage based upon a policy exclusion for property damage “caused by water damage, meaning * * * *43 (3) Water below the surface of the ground, including water which exerts pressure on * * * swimming pool or other structure.” (Exhibit A to Einsidler affidavit.)
Defendant asserts that underground water pressure “caused” the lifting of the pool and that the exclusion therefore applies. Plaintiff asserts that the draining of the pool and the resulting imbalance of pressure outside the pool “caused” the lifting and damage to the pool. The Court must therefore find the proper legal meaning and application of that ever elusive and complex concept of what “caused” the pool to rise within the context of these facts, this insurance policy, and the law. We have found no prior case on point.
The meaning of the pivotal word “cause” has primarily developed in the context of tort and insurance law where causation is an essential element in establishing liability. The leading “test” utilized in determining legal causation is the “sine qua non” or “but for” test. Under this approach one asks if the event would not have happened “but for” the action which is being considered as a possible legal “cause” of the alleged damage. (Prosser and Keeton, Torts §41 [5th ed]; 1 Dobbs, Torts §§ 168, 173; 18 Couch, Insurance 2d § 74:713.)
A corollary principle is the “train of events” test which looks to the “triggering” instrumentality as the “cause” so long as the results were a natural sequence of the triggering event and would not otherwise have occurred (18 Couch, supra, §§ 74:709, 74:711). A circumstance which merely “sets the stage” is not regarded as being a proximate cause merely because the circumstance made possible the subsequent loss (18 Couch, supra, § 74:717).
Terms of insurance contracts which are subject to several constructions must be construed against the insurer, and this rule is applied with particular force when applied to an exclusionary clause (Ostrager and Newman, Handbook On Insurance Coverage Disputes § 1.03 [b] [1] [10th ed]; Thomas J. Lipton, Inc. v Liberty Mut. Ins. Co., 34 NY2d 356; Rocon Mfg. v Ferraro, 199 AD2d 999 [4th Dept 1993]).
The burden of proving the applicability of the exclusion is on the insurer, and an exclusionary clause will not be held to apply if there is another reasonable interpretation of the clause allowing coverage (68A NY Jur 2d, Insurance, § 803; Ostrager, supra, at 17; Incorporated Vil. of Cedarhurst v Hanover Ins. Co., 89 NY2d 293 [1996]). Finally, we note that exclusionary clauses are given a strict and narrow interpretation, but exceptions to exclusions are interpreted broadly (68A NY Jur 2d, Insurance, § 802; Ostrager, supra, at 16).
*44 On the record before the Court, it can logically and reasonably be observed that “but for” the plaintiffs drainage of the pool the damage would not have occurred. The draining of the pool set in motion subsequent natural processes which resulted in the damage herein. This was not a case of an “act of God” wherein an unexpected action of natural forces increased the water pressure leading to the damage. There is no evidence in the record that the underground hypostatic pressure was any different before, during, or after the damage to the pool.
When the natural force (in our case underground water and soil conditions) is present before or concurrent with the affirmative act (in our case draining the pool), the natural force cannot be considered an intervening or concurrent “cause” of the damage in determining legal liability. Dobbs (supra) states: “If the intervening force is in operation at the time the defendant acted, it is not an intervening cause at all” (§ 186, at 461). The natural force is simply part of the environment within which the affirmative act leading to the damage takes place (Dobbs, supra, § 191, at 475). Put another way, the “status quo” was disturbed by the draining of the pool rather than by any change in the underground water pressure or ground movement. In both a legal and pragmatic sense, this damage was “caused” by the action of plaintiff in draining the pool.
A reasonable interpretation of the causation language in the policy exclusion, as applied to our facts, could certainly be that plaintiffs draining of the pool was the “cause” of the damage. Defendant has not carried the burden of demonstrating that “water pressure” was the only reasonable legal “cause” of the damage under the undisputed facts of our case, and the language of the policy. It is not necessary to reach other issues raised in these motions.
Accordingly, the motion of the defendant is denied, and the cross motion of the plaintiff for partial summary judgement on liability and coverage is granted.