■ METROPOLITAN CASUALTY INSURANCE COMPANY, Respondent, v TRAVELERS INSURANCE COMPANY, Appellant. [800 NYS2d 448]—

In an action, inter alia, for a judgment declaring that the defendant is obligated to defend and indemnify the defendants in an underlying personal injury action entitled *Gordy v Dubrow,* pending in the Supreme Court, Suffolk County, under index No. 3632/00, under an excess liability policy of insurance, the defendant appeals from an order of the Supreme Court, Nassau County (Mahon, J.), dated August 18, 2004, which granted the plaintiff's motion for summary judgment and denied its cross motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the motion is denied, the cross motion is granted, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the defendant, Travelers Insurance

Company, is not obligated to defend and indemnify the defendants in the underlying personal injury action entitled *Gordy v Dubrow*, pending in Supreme Court, Suffolk County, under index No. 3632/00, under the subject excess liability policy of insurance.

In February 1999 a vehicle owned and operated by Scott Gordy was involved in an accident with a vehicle owned by Eric Dubrow and operated by Delicia Dubrow. At the time of the accident, Eric Dubrow was insured under a primary liability policy, issued by the plaintiff Metropolitan Insurance Company (hereinafter Metropolitan), with policy limits of $250,000/$300,000, and an excess liability insurance policy issued by the defendant Travelers Insurance Company (hereinafter Travelers), with a policy limit of $2,000,000. In February 2000 the underlying personal injury action was commenced against the Dubrows, seeking damages in excess of $2,000,000. Travelers did not receive any notice of the accident or the action until October 4, 2001, when Metropolitan faxed to Travelers a copy of a letter which Metropolitan had received from the attorney for the plaintiffs in the underlying action. On November 6, 2001 Travelers disclaimed coverage.

The October 4, 2001 fax from Metropolitan did not constitute sufficient notice to Travelers. In accordance with the terms of its policy, Travelers was entitled to notice as soon as reasonably practicable after the insured became aware that the accident was likely to be a covered occurrence under Travelers' policy. The insured became so aware when the summons and complaint seeking damages in excess of two million dollars was served in February 2000. However, the October 4, 2001 fax to Travelers only set forth the accident date and that an excess policy existed. Travelers was not apprised of the date that the insured became aware of possible damages in excess of the primary policy limits until it received a copy of the summons and complaint on October 29, 2001. Consequently, the timeliness of the November 6, 2001 disclaimer by Travelers should have been measured from October 29, 2001, and not from the October 4, 2001 fax date.

Accordingly, the Supreme Court erred in concluding that the November 6, 2001 disclaimer was untimely as matter of law. Under the circumstances, and since there are no other issues of fact regarding the validity of the disclaimer, Travelers' cross motion for summary judgment should have been granted (*see* Insurance Law § 3420 [d]; *First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64 [2003]; *Matter of American Express Prop. Cas. Co. v Vinci*, 18 AD3d 655 [2005]; *St. Charles Hosp. v Royal*

*Globe Ins. Co.*, 18 AD3d 735 [2005]; *New York Cent. Mut. Fire Ins. Co. v Majid*, 5 AD3d 447 [2004]; *see also Sayed v Macari*, 296 AD2d 396 [2002]; *1700 Assoc. v Public Serv. Mut. Ins. Co.*, 256 AD2d 456 [1998]).

In light of our determination, we deem it unnecessary to reach Travelers' remaining contentions.

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the defendant, Travelers Insurance Company, is not obligated to defend or indemnify the defendants under the subject excess policy in connection with the underlying personal injury action entitled *Gordy v Dubrow*, pending in Supreme Court, Suffolk County, under index No. 3632/00 (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Schmidt, J.P., S. Miller, Santucci and Skelos, JJ., concur.