(August 14, 2007)

■ MARY ANN CALI, Respondent, v MERRIMACK MUTUAL FIRE INS. CO., Appellant. [841 NYS2d 128]—

In an action, inter alia, for a judgment declaring that the defendant is obligated to reimburse the plaintiff for damage to her property, the defendant appeals from an order of the Supreme

Court, Nassau County (Alpert, J.), dated November 30, 2006, which denied its motion for summary judgment declaring that it is not obligated to reimburse the plaintiff for the subject loss to her property and granted the plaintiff's cross motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, the plaintiff's cross motion for summary judgment on the issue of liability is denied, the defendant's motion for summary judgment is granted, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that the defendant, Merrimack Mutual Fire Ins. Co., is not obligated to reimburse the plaintiff for the subject loss to her property.

By Homeowners Insurance Policy effective from April 12, 2004 to April 12, 2005, the defendant Merrimack Mutual Fire Ins. Co. (hereinafter the insurer) insured the plaintiff's home in Valley Stream. During the coverage period, the plaintiff's house suffered extensive damage when the concrete slab foundation, which supported the house, settled, sank, and cracked. The plaintiff made a claim to the insurer pursuant to the policy for the loss sustained as a result of the "collapse" of the premises. However, the insurer disclaimed coverage for the loss based upon language in the insurance policy which excluded losses, inter alia, due to "earth movement . . . earth sinking, rising or shifting" and due to the "settling, shrinking, bulging or expansion, including resultant cracking, of pavements, patios, foundations, walls, floors, roofs or ceilings."

In 2005 the plaintiff commenced this action against the insurer seeking, inter alia, a judgment declaring that the insurer is obligated to reimburse the plaintiff for the damage to her property. After discovery and the filing of a note of issue, the insurer moved for summary judgment declaring that it is not obligated to reimburse the plaintiff for the subject loss to her property, and the plaintiff cross-moved for summary judgment on the issue of liability, arguing that the house collapsed as the result of "hidden decay," a peril that was covered under the insurance policy. Specifically, the plaintiff's engineer concluded that the slab foundation "partial[ly] collapsed" as a result of decayed wood in the earth beneath the foundation, which created a void in the soil and the resultant "collapse" of the foundation. The Supreme Court denied the insurer's motion and granted the plaintiff's cross motion. We reverse.

"[C]ourts bear the responsibility of determining the rights or obligations of parties under insurance contracts based on the specific language of the policies" (*Sanabria v American Home*

*Assur. Co.*, 68 NY2d 866, 868 [1986], quoting *State of New York v Home Indem. Co.*, 66 NY2d 669, 671 [1985]), whose unambiguous provisions must be given "their plain and ordinary meaning" (*United States Fid. & Guar. Co. v Annunziata*, 67 NY2d 229, 232 [1986], quoting *Government Empls. Ins. Co. v Kligler*, 42 NY2d 863, 864 [1977]; *see Maroney v New York Cent. Mut. Fire Ins. Co.*, 5 NY3d 467, 471-472 [2005]; *Catucci v Greenwich Ins. Co.*, 37 AD3d 513, 514 [2007]). As such, "[a]n exclusion from coverage 'must be specific and clear in order to be enforced' (*Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 311 [1984]), and an ambiguity in an exclusionary clause must be construed most strongly against the insurer" (*Guachichulca v Laszlo N. Tauber & Assoc., LLC*, 37 AD3d 760, 761 [2007]; *see Ace Wire & Cable Co. v Aetna Cas. & Sur. Co.*, 60 NY2d 390, 398 [1983]; *Ruge v Utica First Ins. Co.*, 32 AD3d 424, 426 [2006]). The plain meaning of the policy's language may not be disregarded in order to find an ambiguity where none exists (*see Bassuk Bros. v Utica First Ins. Co.*, 1 AD3d 470, 471 [2003]; *Garson Mgt. Co. v Travelers Indem. Co. of Ill.*, 300 AD2d 538, 539 [2002]; *Sampson v Johnston*, 272 AD2d 956 [2000]).

In this case, the Supreme Court erred in denying the insurer's motion, and in granting the plaintiff's cross motion for summary judgment on the issue of liability. The insurer met its initial burden of establishing its entitlement to judgment as a matter of law by demonstrating that the exclusion clearly and unambiguously applies to the plaintiff's property loss (*see Sheehan v State Farm Fire & Cas. Co.*, 239 AD2d 486 [1997]; *Kula v State Farm Fire & Cas. Co.*, 212 AD2d 16, 20 [1995]; *Nowacki v United Servs. Auto. Assn. Prop. & Cas. Ins. Co.*, 186 AD2d 1038 [1992]). The plain language of the exclusion was to relieve the insurer from loss or damage to covered property caused directly or indirectly by "[e]arth movement, meaning earthquake; landslide; mine subsidence; mudflow; earth sinking, rising or shifting." The policy similarly does not insure for "settling, shrinking, bulging or expansion, including resultant cracking of . . . foundations, walls, [or] floors." Losses due to "earth movement" are excluded "regardless of any other cause or event contributing concurrently or in any sequence to the loss." Here, the loss was attributable to the resultant earth movement and sinking, even though the movement was precipitated, at least in part, by decayed wood in the earth beneath the foundation slab (*see Weaver v Hanover Ins. Co.*, 206 AD2d 910, 911 [1994]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Although it is not unreasonable for insureds to have an

expectation that their insurance policy would provide coverage for their losses, particularly, where premiums are paid and losses are as significant as that sustained by this homeowner plaintiff, we are nonetheless constrained to conclude that this policy's language specifically excluded coverage for damages resulting from earth movement "even though the cause of the earth movement is a covered peril" (*Kula v State Farm Fire & Cas. Co.*, 212 AD2d at 21).

Finally, since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that the defendant, Merrimack Mutual Fire Ins. Co., is not obligated to reimburse the plaintiff for the loss to her property (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]; *Metropolitan Cas. Ins. Co. v Travelers Ins. Co.*, 21 AD3d 457, 459 [2005]). Ritter, J.P., Goldstein, Fisher and Balkin, JJ., concur.