671 S.E.2d 610

**SOUTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, Appellant,**

v.

**Howard DURHAM and Cherie Durham, Respondents.**

**No. 26579.**

Supreme Court of South Carolina.

Heard Nov. 19, 2008.

Decided Jan. 12, 2009.

---

508

John Dwight Hudson, of Hudson Law Office, of Myrtle Beach, for Appellant.

Dirk Julius Derrick, of Conway, for Respondents.

Acting Justice MOORE:

Appellant South Carolina Farm Bureau Mutual Insurance Company (Appellant) filed this declaratory judgment action seeking a declaration that its policy did not cover the damage to Howard and Cherie Durham's (Respondents) swimming pool when it "floated" after Respondents drained the pool. The parties agreed to submit the case to the circuit court which found that the policy covered the damage to the pool. We find that the policy exclusions apply and so reverse the order of the circuit court.

## FACTS

Respondents' home and in-ground pool are located in Horry County and were covered by a homeowner's policy of insurance issued by Appellant. At one point, Respondents drained the water from their pool to empty it in order to clean the pool. Before the pool was fully emptied, the area experienced rainfall over a four-day period. The pool was then fully emptied and, within two to three days of being fully emptied, the pool "floated" out of its foundation and rose from the ground, causing damage to the pool and deck.

Respondents' expert explained that pressure from underground water, the presence and depth of which varies from place to place, will result in a pool "floating" if the pool is drained. "Floating" can be avoided by unscrewing a plug in the drain system, which allows the ground water that is higher

than the base of the pool to enter and relieve pressure upon the pool.

Respondents' filed a claim under their homeowner's policy. Both parties agreed that the policy applied to the swimming pool, but Appellant denied coverage based on two sections of the policy. The relevant language is as follows:

Section I—Perils Insured Against

Coverage A—Dwelling and

Coverage B—Other Structures

We insure against risks of direct physical loss to property described in Coverages A and B. However, we do not insure loss:

. . .

2. caused by:

. . .

b. freezing, thawing, pressure or weight of water, ice, hail, snow or sleet, whether driven by wind or not, to a:

(1) fence, pavement, deck, patio, or swimming pool.

. . .

e. these below:

. . .

(6) settling, cracking, shrinking, bulging or expansion of driveways, pavements, patios, foundations, walls, floors, roofs or ceilings.

. . .

Section I—Exclusions

We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.

3. Water Damage, meaning:

. . .

c. water below the surface of the ground, including water which exerts pressure on or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure.

The parties agreed to stipulations on facts and evidence and submitted the case to the circuit court for decision. The court

found in favor of Respondents and awarded policy limits. This appeal followed.

## ISSUE

Is the damage to Respondents' pool and deck subject to an exclusion in the insurance policy?

## STANDARD OF REVIEW

This case raises a novel question of law in South Carolina. In such a case, the appellate court is free to decide the question with no particular deference to the lower court. *I'On, LLC v. Town of Mt. Pleasant*, 338 S.C. 406, 411, 526 S.E.2d 716, 719 (2000) (*citing* S.C. Const. art. V, § 5; S.C.Code Ann. § 14–3–330 (1976 & Supp.2005).

## ANALYSIS

The primary point of contention in this case is what "caused" Respondents' pool to "float." Appellant contends that the pool "floated" because of the presence of underground water pressure in conjunction with Respondents draining the pool without pulling the plug. In Appellant's view, if the water pressure was a factor of any kind in causing the loss, even an indirect or remote one, the language of the policy excludes the loss.

### A. The circuit court improperly defined the term "cause."

The circuit court found that the cause of the pool "floating" was the Respondents removing all of the water without removing the plug. The court noted that the word "cause" is not defined in the Policy and cited *State Farm Fire & Casualty Co. v. Barrett*, 340 S.C. 1, 530 S.E.2d 132 (Ct.App.2000), for the proposition that "[w]here a term is not defined in an insurance policy, it is to be defined according to the usual understanding of the term's significance to the ordinary person." *Id.* at 8, 530 S.E.2d at 136. The circuit court then continued, "[t]he meaning of the pivotal word 'cause' has primarily developed in the conte[x]t of tort and insurance law where causation is an essential element in establishing liability" and applied tests utilized in determining legal causation.

Citing the reasoning of *Bebber v. CNA Insurance Companies,* 189 Misc.2d 42, 729 N.Y.S.2d 844 (N.Y.Sup.Ct.2001), the court found that the draining was a "but for" cause of the "floating" and that the underground water pressure was a natural, static force which could not be an intervening cause. The court also concluded that the rainfall prior to the pool "floating" was not a factor, since the parties stipulated that the hydrostatic pressure was present both before and after the pool was emptied.

Among other points, Appellant complains that the circuit court incorrectly defined the term "cause" in construing the policy. We agree. The circuit court correctly noted that the term "cause" is not defined by the policy and that in such case the court must define the term according to the usual understanding of the term's significance to the ordinary person. However, rather than attempting to ascertain the understanding to the ordinary person, the court looked instead to tort law and tests "utilized in determining legal causation."

■ "Cause" in the context of an insurance policy and in the usual understanding of the term's significance to the ordinary person is not the same as legal causation. *See 7 Couch on Insurance 3d* § 101:40 (Steven Plitt, et al., eds., 2008). The circuit court noted that "[a] circumstance which merely 'sets the state' is not regarded as being a proximate cause merely because the circumstance made possibl[e] the subsequent loss." (*citing Couch on Insurance,* 2nd, sec. 74.713; *Bebber, supra*). Yet the usual understanding of the word "cause" does not require that an event or condition be the proximate cause. The *American Heritage Dictionary* defines "cause" as "[s]omething that produces an effect, result, or consequence" and "[t]he person, event, or condition responsible for an action or result." In applying this definition of "cause" the "but for" test is appropriate. While it is true, as the *Bebber* court noted, that "but for" the plaintiff's drainage of the pool the damage would not have occurred, it is also true that "but for" the underground water pressure, the damage would not have occurred. Therefore, the underground water pressure was a "cause" of the damage.

■ However, the pressure was certainly not the sole cause of the "floating." Case law from other jurisdictions demon-

strates two main tests for determining coverage where the loss is the result of multiple causes. The majority of jurisdictions follow the efficient proximate cause doctrine which provides that in circumstances with two or more identifiable causes, the court looks to the cause which is determined to have set the chain of events in motion. *See Amherst Country Club, Inc. v. Harleysville Worcester Ins. Co.*, 561 F.Supp.2d 138, 150 (D.N.H.2008). If this "efficient proximate cause" is covered under the terms of the policy, then the loss is covered. *Id.* The minority rule is the concurrent cause rule, which asks whether one of the causes of a loss is covered. *Id.* If so, then the loss is covered notwithstanding the fact that there is also an excluded cause in the chain of causation. *Id.* In the instant case, neither doctrine applies since the policy contains an anti-concurrent causation clause. The exclusion provides that "[s]uch loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss." Consequently, though the underground water pressure was not the sole cause of the loss or even the efficient proximate cause, it was a cause of the loss and so, the exclusion applies.

## B. Exclusion applies to loss resulting from a condition existing at the time at which the policy was made.

In finding coverage, the circuit court found that the exclusion regarding water damage did not contemplate Respondents' situation, since the definitions of water damage describe events or conditions not existing at the time the policy was written, such as floods, waves, etc. We find that the language of the water damage exclusion does not support the circuit court's interpretation.

The water damage provision excludes coverage for loss caused by "water below the surface of the ground, including water which exerts pressure on or seeps or leaks through a . . . swimming pool or other structure." Nothing in the language excludes an existing condition as a cause. Moreover, the use of the word "exerts" in the present tense suggests that an existing condition is contemplated by the exclusion.

## CONCLUSION

Underground water pressure was at least one cause of the damage to Respondents' pool. Under the exclusions and anti-

concurrent causation clause of the policy, the loss is excluded from coverage. We therefore reverse the order of the circuit court.

**REVERSED.**

TOAL, C.J., WALLER, BEATTY and KITTREDGE, JJ., concur.