JEFREY A. JAHIER et al., Respondents, v LIBERTY MUTUAL GROUP et al., Appellants. [883 NYS2d 283]—

In an action to recover damages for breach of contract and for a judgment declaring that the defendants are obligated to provide coverage for certain damage to the plaintiffs' property pursuant to a homeowners insurance policy issued by them to the plaintiffs, the defendants appeal from an order of the Supreme Court, Suffolk County (Jones, J.), entered October 15, 2008, which denied their motion for summary judgment dismissing the first cause of action alleging breach of contract and declaring that they were not so obligated, and granted the plaintiffs' cross motion for summary judgment on the issue of liability on the first cause of action alleging breach of contract and declaring that the defendants are obligated to provide coverage under the subject homeowners insurance policy for the loss sustained by the plaintiffs.

Ordered that the order is reversed, on the law, with costs, the plaintiffs' cross motion for summary judgment on the issue of liability on the first cause of action alleging breach of contract and declaring that the defendants are obligated to provide coverage for certain damage to the plaintiffs' property pursuant to a homeowners insurance policy issued to them is denied, the defendants' motion for summary judgment dismissing the first cause of action alleging breach of contract and declaring that they are not so obligated is granted, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that the defendants are not obligated to provide coverage pursuant to the homeowners insurance policy issued by them to the plaintiffs, for the loss sustained by the plaintiffs.

The defendants Liberty Mutual Group and the First Liberty Insurance Corporation (hereinafter together Liberty), issued a deluxe homeowners insurance policy (hereinafter the policy) insuring, inter alia, the plaintiffs' residence and other structures located on their property. In April 2007, during the coverage period, the plaintiffs' inground swimming pool, the surrounding patio area, and the plumbing which serviced the pool sustained damage when the pool lifted up several inches out of the ground. At the time of the loss, the pool was not filled with water, as it had been drained by a contractor hired by the plaintiffs to perform maintenance work. During the time that the pool was empty, and shortly before the plaintiffs discovered the damage, heavy rains had fallen in the area. The plaintiffs made a claim pursuant to the policy, but Liberty disclaimed coverage based upon clauses in the policy which excluded losses due to "Earth Movement" and "Water Damage."

In July 2007 the plaintiffs commenced this action against Liberty, alleging breach of contract, and for a judgment declaring that Liberty was obligated to provide coverage under the policy for the claimed loss. The Supreme Court denied Liberty's motion for summary judgment dismissing the breach of contract cause of action and declaring that it was not so obligated and granted the plaintiffs' cross motion on the issue of liability on the breach of contract cause of action and declaring that Liberty was so obligated. We reverse.

"[C]ourts bear the responsibility of determining the rights or obligations of parties under insurance contracts based on the specific language of the policies" (*State of New York v Home Indem. Co.*, 66 NY2d 669, 671 [1985]; *see Cali v Merrimack Mut. Fire Ins. Co.*, 43 AD3d 415, 416 [2007]). An exclusion from coverage "must be specific and clear in order to be enforced"

(*Essex Ins. Co. v Pingley*, 41 AD3d 774, 776 [2007], quoting *Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 311 [1984]; *see Lee v State Farm Fire & Cas. Co.*, 32 AD3d 902, 903 [2006]). An ambiguity in an exclusionary clause must be construed most strongly against the insurer (*see Ace Wire & Cable Co. v Aetna Cas. & Sur. Co.*, 60 NY2d 390, 398 [1983]; *Breed v Insurance Co. of N. Am.*, 46 NY2d 351, 353 [1978]). However, "the plain meaning of the policy's language may not be disregarded to find an ambiguity where none exists" (*Atlantic Balloon & Novelty Corp. v American Motorists Ins. Co.*, 62 AD3d 920, 922 [2009]; *see Cali v Merrimack Mut. Fire Ins. Co.*, 43 AD3d at 417). Where an insurer denies coverage based upon an exclusion, the burden is on the insurer to demonstrate that the exclusion applies in the particular case and that it is "subject to no other reasonable interpretation" (*Seaboard Sur. Co. v Gillette Co.*, 64 NY2d at 311).

In this case, the Supreme Court erred in denying Liberty's motion for summary judgment and in granting the plaintiffs' cross motion for summary judgment. Liberty met its initial burden of establishing its entitlement to judgment as a matter of law by demonstrating that the "water damage" exclusion clearly and unambiguously applied to the plaintiffs' loss (*see Reynolds v Standard Fire Ins. Co.*, 221 AD2d 616 [1995]; *Hipper v CNA Ins. Co.*, 2002 NY Slip Op 40109[U] [App Term, 9th & 10th Jud Dists 2002]; *see generally Cali v Merrimack Mut. Fire Ins. Co.*, 43 AD3d at 417; *Sheehan v State Farm Fire & Cas. Co.*, 239 AD2d 486, 487 [1997]; *Kula v State Farm Fire & Cas. Co.*, 212 AD2d 16, 20 [1995]). The plain language of the exclusion relieves Liberty from loss caused "directly or indirectly" by "[w]ater damage, meaning . . . [w]ater below the surface of the ground, including water which exerts pressure on . . . a building . . . swimming pool or other structure." Furthermore, losses due to "water damage" are excluded "regardless of any other cause or event contributing concurrently or in any sequence to the loss." Here, the evidence demonstrated that the plaintiffs' loss was attributable to the subsurface water pressure that was exerted upon the empty swimming pool, even though it was precipitated by the drainage of the pool and heavy rainfall (*see Cali v Merrimack Mut. Fire Ins. Co.*, 43 AD3d at 417-418; *Sheehan v State Farm Fire & Cas. Co.*, 239 AD2d at 487; *Reynolds v Standard Fire Ins. Co.*, 221 AD2d 616, 616-617 [1995]; *Kula v State Farm Fire & Cas. Co.*, 212 AD2d at 20-21; *Hipper v CNA Ins. Co.*, 2002 NY Slip Op 40109[U] [App Term, 9th & 10th Jud Dists 2002]; *South Carolina Farm Bur. Mut. Ins. Co. v Durham*, 380 SC 506, 671 SE2d 610 [2009]). In opposition to Liberty's motion and in sup-

port of its cross motion for summary judgment, the plaintiffs failed to raise a triable issue of fact or establish their prima facie entitlement to judgment as a matter of law, respectively, so as to preclude the award of summary judgment to Liberty (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that Liberty is not obligated to provide coverage for the loss sustained by the plaintiffs pursuant to the homeowners insurance policy issued by it (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]).

The plaintiffs' remaining contentions either are without merit or have been rendered academic by our determination. Rivera, J.P., Skelos, Balkin and Leventhal, JJ., concur. [*See* 2008 NY Slip Op 32825(U).]