SCHWARTZ, Senior Judge,
dissenting in part.
Although I agree with reversal, I do not agree that determination of the coverage issue requires the resolution of any issue of fact. In my opinion, it is clear that the flood which damaged the appellee’s property was caused by the inability of the *585 drainage-storm sewer system to cope with the unprecedented downpour in the area. This conclusion requires a finding of no coverage as a matter of law. See Fla. Residential Prop. & Cas. Joint Underwriting Ass’n v. Kron, 721 So.2d 825 (Fla. 3d DCA 1998) (finding that rainwater which pooled and then went into property causing damage therein is surface water and excluded under insurance policy); see also T.H.E. Ins. Co. v. Charles Boyer Children’s Trust, 455 F.Supp.2d 284, 297 (M.D.Pa.2006) (“Thus, the dispute as to the source of the surface water that inundated the bowling alley is immaterial. What is indisputable is that water which had accumulated outside the bowling alley was derived from torrential rains that hit the Pottsville area ... and this ‘surface water’ ultimately flooded the interior of the bowling alley.”); Pakmark Corp. v. Liberty Mut. Ins. Co., 943 S.W.2d 256, 259-61 (Mo.Ct.App.1997); Reynolds v. Standard Fire Ins. Co., 221 A.D.2d 616, 617, 634 N.Y.S.2d 163 (N.Y.App.Div.1995); Kish v. Ins. Co. of N. Am., 125 Wash.2d 164, 883 P.2d 308, 309-12 (1994).