COHEN, J.
Liberty Mutual Fire Insurance Company (“Liberty”) appeals a final summary judgment entered in favor of its insureds, Nigel and Melissa Martinez. We reverse.
The facts of this case are undisputed. Liberty issued an all-risk insurance policy to the Martinezes insuring, inter alia, their residence and other structures located on their property. During a tropical storm, Nigel Martinez partially emptied his family’s in-ground swimming pool because it was overflowing. The following day, he discovered that the pool had lifted out of the ground. As would be later agreed upon by experts, subsurface water accumulated underneath the pool during the storm, which exerted hydrostatic pressure on the partially emptied pool. This pressure caused the pool shell to lift out of the ground, damaging the shell as well as the pool deck, rock garden, and waterfall.
Thereafter, the Martinezes filed a claim with Liberty, which was denied on the ground that the Water Exclusion provision in the policy excluded damage caused by hydrostatic pressure from coverage. That provision provides:
SECTION I — EXCLUSIONS
1. We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.[1]
[[Image here]]
c. Water Damage, meaning:
(1) Flood, surface water, waves, tidal water, overflow of a body of water, or spray from any. of these, whether or not driven by wind;
[[Image here]]
(3) Water below the surface of the ground, including water which exerts pressure on or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure.
(Emphasis added).
In response, the Martinezes filed suit for breach of contract and argued, inter alia, that their damage was covered under the ensuing-loss provision in the policy.[2] That provision provides:
2. We do not insure for loss to property described in Coverages A and B caused by any of the following. However, any ensuing loss to property described in Coverages A and B not excluded or excepted in this policy is covered.
*488 a. Weather conditions. However, this exclusion only applies if weather conditions contribute in any way with a cause or event excluded in paragraph 1. above to produce the loss;
Both sides moved for summary judgment. The trial court found that the direct cause of the Martinezes’ damage was the pool shell coming out of the ground, rather than the hydrostatic pressure. Accordingly, the court found that the damages were ensuing losses covered by the policy, denied Liberty’s motion for summary judgment, and granted the Mar-tinezes’ motion for summary judgment.
The issue on appeal is whether the Water Exclusion provision excludes the Mar-tinezes’ losses from coverage. We review a lower court’s interpretation of an insurance policy de novo. Fayad v. Clarendon Nat’l Ins. Co., 899 So.2d 1082, 1085 (Fla.2005).
Insurance policies are construed in accordance with the plain language of the policy and must be read as a whole, giving each provision its full meaning. See Swire Pac. Holdings, Inc. v. Zurich Ins. Co., 845 So.2d 161, 166 (Fla.2003) (quoting Auto-Owners Ins. Co. v. Anderson, 756 So.2d 29, 34 (Fla.2000)). As a general rule, insurance coverage must be broadly construed in .favor of the insured, while exclusions must be narrowly construed against the insurer. See Flores v. Allstate Ins. Co., 819 So.2d 740, 744 (Fla.2002) (“Policy provisions that tend to limit or avoid liability are interpreted liberally in favor of the insured and strictly against the drafter who prepared the policy, and exclusions to coverage are construed even more strictly against the insurer than coverage clauses.”); Hudson v. Prudential Prop. & Cas. Ins. Co., 450 So.2d 565, 568 (Fla. 2d DCA 1984) (“This harmonizes with the law in Florida that insurance coverage must be construed broadly and its exclusions narrowly.”).
Insurance policies may contain exclusionary provisions that exclude certain risks from the scope of coverage, and exclusionary provisions may carve out coverage exceptions for losses that ensue from an excluded cause of loss. See Swire, 845 So.2d at 167-68. An ensuing loss is a loss that occurs separate .from but as a result of an excluded loss. Id. Ensuing-loss exceptions are not applicable, however, if the ensuing loss was directly related to the original excluded risk. Id. Additionally, exclusions must be read in conjunction with other policy provisions. See Union Am. Ins. Co. v. Maynard, 752 So.2d 1266, 1268 (Fla. 4th DCA 2000); see also State Farm Fire & Cas. Co. v. Castillo, 829 So.2d 242, 245 (Fla. 3d DCA 2002).
Although there are no Florida cases on point, courts in New York and South Carolina have interpreted similar anti-concurrent cause provisions and applied those provisions to analogous facts. For example, in Jahier v. Liberty Mutual Group, 64 A.D.3d 683, 883 N.Y.S.2d 283, 284-86 (N.Y.App.Div.2009), rainfall increased hydrostatic pressure surrounding the insureds’ drained swimming pool and forced it out of the ground. As a result of the pool lifting out of the ground, the pool, surrounding patio, and plumbing were damaged. Id. at 285. The insureds filed a claim with their insurer for those damages. Id.
The insurer denied coverage based on earth movement and water damage exclusions in the policy. Id. The policy also contained an anti-concurrent cause provision that provided that the policy did not cover losses caused “directly or indirectly ... by water damage, meaning ... water below the surface of the ground, including water which exerts pressure on ... a ... swimming pool or other structure.” Id. at 286. Losses due to water damage were excluded “regardless of any other cause or *489 event contributing concurrently or in any sequence to the loss.” Id. Notwithstanding the rainfall and drainage of the pool contributing to the losses, the court held that the water damage exclusion clearly and unambiguously applied to the insureds’ losses. Id.
Similarly, in South Carolina Farm Bureau Mutual Insurance Co. v. Durham, 380 S.C. 506, 671 S.E.2d 610, 612-14 (2010), the court found that the insureds’ damages — which were sustained when rain increased hydrostatic pressure around their pool, forcing the pool out of the ground and damaging their deck — were excluded from coverage because the policy contained an anti-concurrent cause provision that applied to water damage. Because water pressure was one of the causes that forced the pool out of the ground, the court concluded that the water damage exclusion applied. Id. at 614.
Here, we agree with Liberty: Under the policy’s plain language, the damage to the Martinezes’ pool deck, rock garden, and waterfall was not an ensuing loss. Rather, the policy expressly excluded the Martinezes’ loss as it specifically excluded losses that occurred directly or indirectly from subsurface water pressure. In our view, the damage to the deck, rock garden, and waterfall resulted, directly or indirectly, from subsurface water pressure. Accordingly, we need not look to the ensuing-loss provision.
Finding the insurance policy excluded the loss, we reverse the summary final judgment and remand for entry of judgment in favor of Liberty.
REVERSED AND REMANDED.
EVANDER and EDWARDS, JJ„ concur.

. Neither party disputes that the policy contains an anti-concurrent cause provision. An anti-concurrent cause provision is a provision in a first-party insurance policy that provides that when a covered cause and noncovered cause combine to cause a loss, all losses directly and indirectly caused by those events are excluded from coverage. See Paulucci v. Liberty Mut. Fire Ins. Co., 190 F.Supp.2d 1312, 1319-20 (M.D.Fla.2002).
Absent an anti-concurrent cause provision, when independent covered and noncovered causes of loss combine to produce a loss, the loss is covered under the concurrent cause doctrine. See Wallach v. Rosenberg, 527 So.2d 1386, 1387 (Fla. 3d DCA 1988); see also Paulucci, 190 F.Supp.2d at 1319 ("Causes are independent when they are unrelated such as an earthquake and a lightning strike.”). However, parties may contract around the concurrent cause doctrine with an anti-concurrent cause provision. Paulucci, 190 F.Supp.2d at 1318-20; W. Am. Ins. Co. v. Chateau La Mer II Homeowners Ass’n, 622 So.2d 1105, 1108 (Fla. 1st DCA 1993); Wallach, 527 So.2d at 1387.

. Although the Martinezes initially presented claims for damage to the pool shell, pool deck, rock garden, and waterfall, they conceded below that the Water Exclusion provision prevents recovery for the pool shell.