■ Peter Bingham et al., Plaintiffs, v 347 11th Street, LLC, et al., Defendants/Third-Party Plaintiffs-Respondents, et al., Defendant. First Mercury Financial Corporation et al., Third-Party Defendants-Appellants, et al., Third-Party Defendant. [33 NYS3d 346]—

In an action to recover damages for injury to property and a related third-party action, the third-party defendants First Mercury Financial Corporation and First Mercury Insurance Company appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated January 15, 2014, as denied their motion for summary judgment dismissing the third-party complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the third-party defendants First Mercury Financial Corporation and First Mercury Insurance Company for summary judgment dismissing the third-party complaint insofar as asserted against them is granted.

Husband and wife Charles Shabsels and Susan Shabsels (hereinafter together the Shabselses) purchased a single-family brownstone home in Brooklyn (hereinafter the subject property) with the intention of renovating it and converting it to a multi-family home. They formed a corporation, 347 11th Street, LLC (hereinafter the LLC), to hold the subject property. Charles Shabsels contacted insurance broker Emanes Corp., doing business as Community Brokerage II (hereinafter Community Brokerage), to obtain insurance for the project. Community Brokerage obtained a quote from First Mercury Insurance Company for an "owner interest only" policy. The policy contained a section entitled "EXCLUSION OF SPECIFIC

OPERATIONS," which listed as excluded "All Construction Operations." Charles Shabsels accepted this policy on behalf of the LLC.

During construction at the subject property, a portion of an excavation collapsed, damaging an adjacent property. The owners of that property commenced an action against the Shabselses and the LLC (hereinafter collectively the third-party plaintiffs), among others, seeking to recover damages for injury to their property. The third-party plaintiffs then commenced this third-party action against First Mercury Financial Corporation and First Mercury Insurance Company (hereinafter together the First Mercury parties) and Community Brokerage, claiming, inter alia, that the third-party plaintiffs were not aware that the policy excluded construction coverage. The First Mercury parties and Community Brokerage moved and cross-moved, respectively, for summary judgment dismissing the third-party complaint insofar as asserted against each of them. The Supreme Court denied the motion and the cross motion. The First Mercury parties appeal.

The First Mercury parties established their prima facie entitlement to judgment as a matter of law by submitting documentary proof that the insurance policy issued to the third-party plaintiffs did not cover construction operations (see Holman v Transamerica Ins. Co., 81 NY2d 1026 [1993]; see also Yangtze Realty, LLC v Sirius Am. Ins. Co., 90 AD3d 744, 745 [2011]; Jahier v Liberty Mut. Group, 64 AD3d 683, 685 [2009]). The plain language of the exclusion clause in the policy clearly and unambiguously excludes coverage for the subject claim (see Jahier v Liberty Mut. Group, 64 AD3d at 685). In response to this showing, the third-party plaintiffs failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 560 [1980]).

The third-party plaintiffs' remaining contentions are without merit.

Accordingly, the Supreme Court erred in denying the motion of the First Mercury parties for summary judgment dismissing the third-party complaint insofar as asserted against them. Chambers, J.P., Austin, Roman and Duffy, JJ., concur.